<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-2078**

---

OGADINMA AKWADA,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A73-176-178)

---

Argued: June 4, 2004              Decided: November 10, 2004

---

Before GREGORY and DUNCAN, Circuit Judges, and Robert R. BEEZER,
Senior Circuit Judge of the United States Court of Appeals for the
Ninth Circuit, sitting by designation.

---

Petition denied by unpublished per curiam opinion. Judge Duncan
wrote a dissenting opinion.

---

**ARGUED:** Danielle L. C. Beach-Oswald, NOTO & OSWALD, P.C.,
Washington, D.C., for Petitioner. Arthur Leonid Rabin, Civil
Division, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:**
Robert D. McCallum, Jr., Assistant Attorney General, Civil
Division, Margaret J. Perry, Senior Litigation Counsel, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ogadinma Akwada petitions for review of the Board of Immigration Appeals's ("BIA") denial of his motion to reopen removal proceedings for failure to adhere to the numerical and time limitations on motions to reopen set forth in 8 C.F.R. § 1003.2 (2003).[1] Akwada contends that because he did not receive the statutorily prescribed notice of the removal proceedings, he is entitled to a motion to reopen that is not time or number-barred. Alternatively, Akwada argues that even if his motion to reopen is subject to time or number limits, those limits should be equitably tolled or waived because of the ineffectiveness of his former counsel. He asserts that his former counsel's ineffectiveness caused him to miss his asylum interview and his removal hearing and caused him to file useless and legally insufficient motions to reopen, squandering his opportunity to challenge removal. Akwada asks us to direct the BIA to consider his most recent motion to reopen to consider his application for adjustment of status based on his marriage to a naturalized United States citizen. Finding no reversible error or circumstances justifying equitable relief, we deny the petition for review.

---

[1] 8 C.F.R. § 3.2 was renamed 8 C.F.R. § 1003.2 in 2003. The content of the regulation is the same today as when the BIA adjudicated Akwanda's motion to reopen in 2002.

3

Akwada, a native and citizen of Nigeria, entered the United States on or about January 15, 1992. He applied for asylum and withholding of removal on March 10, 1993. Akwada married a legal permanent resident of the United States on August 30, 1994, and his wife became a naturalized United States citizen in 1998.

On February 10, 1994, Akwada retained attorney Emmanuael Akpan to help him withdraw his asylum application and pursue adjustment of status based on his upcoming marriage to a legal permanent resident of the United States. Akpan should have submitted a Notice of Appointment of Representative form to the INS shortly after Akwada retained him. *See* 8 C.F.R. § 292.4 Akwada asserts, and the record reflects, that Akpan did not file an Appointment of Representative form until over five years later, in June 1999.

In August 1997, Akwada's address changed. Akwada did not personally report the change of address to the Immigration and Naturalization Service ("INS" or "Service").[2] Akwada asserts that he relied on Akpan's assurance that he, Akpan, would submit the new address information to the Service. Akpan never submitted Akwada's

---

[2]At the time of the events covered by this petition for review, the agency in charge of immigration matters was the INS. On March 1, 2003, the INS ceased to exist as an agency within the Department of Justice and its functions were transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. NO. 107-296, 110 Stat. 2135 (Nov. 25, 2002). For the sake of simplicity, this opinion will continue to refer to the INS or "the Service" as the central agency actor.

new address to the Service. Nor did Akpan withdraw Akwada's asylum application, as Akwada had requested in 1994.

Because the INS never received Akwada's new address, he never received notice of a November 3, 1998 asylum interview. Akwada failed to attend the interview. The INS closed Akwada's asylum case and instituted removal proceedings against him. On November 8, 1998, the INS sent a Notice to Appear ("NTA") to Akwada's previous address. The NTA set a January 13, 1999 removal hearing date. The notice was returned to the INS unopened.

According to Akwada, Akpan never told him about the asylum interview, the NTA, or the hearing date. Normally, Akpan, as counsel of record, would have received a copy of all notices and written communications the INS sent to Akwada. Since Akpan failed to submit the Appointment of Representative form, he never received the NTA or the hearing notice.

Akwada failed to appear for the removal hearing on January 13, 1999 and was ordered removed in absentia. According to Akwada, attorney Akpan learned about the removal hearing by chance. Akwada asserts that Akpan happened to be at the INS adjudicative office on the day of Akwada's removal hearing representing another client. While at the INS office, Akpan saw Akwada's name on the hearings calendar and learned that he was in removal proceedings.

On June 7, 1999, Akwada, still represented by Akpan, moved the Immigration Judge to reopen proceedings and rescind the in absentia removal order pursuant to 8 C.F.R. § 1003.23(b). Akwada claimed

5

that he had been unable to attend the removal hearing because of "exceptional circumstances,"[3] specifically a medical condition requiring "total incapacitation due to shortness of breath" and his "doctor's advice requiring full bed rest." The motion included a conclusory "Disability Certificate" from Akwada's doctor as justification for his absence. It did not include an affidavit from Akwada explaining why he missed the hearing or more detailed information from Akwada's physician explaining Akwada's medical condition. The motion also asked the BIA to reopen deportation proceedings to adjudicate Akwada's application of adjustment of status based on an April 13, 1999 approval of an I-130 petition filed by his wife, then a recently naturalized United States citizen. *See* 8 C.F.R. § 1003.2. The Immigration Judge denied the motion because the moving papers did not contain an affidavit from Akwada explaining his absence. *See* 8 C.F.R. §§ 1003.2(c)(1). Akwada's first motion to reopen did not assert that Akwada lacked actual notice of the hearing or that attorney Akpan failed to submit an appropriate change of address notice to the INS.

On June 15, 1999, Akwada, through attorney Akpan, moved for reconsideration. The motion enclosed an affidavit from Akwada explaining that he was incapacitated on the date of his removal

---

[3]"The term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond control of the alien." 8 U.S.C. § 1229a(e)(1).

hearing. The motion was denied. The Immigration Judge concluded that the motion was more properly construed as a second motion to reopen, and should be denied because only one such motion was permitted by statute. *See* 8 C.F.R. § 1003.2(c)(2). Alternatively, the Immigration Judge reasoned that even the motion were construed as one for reconsideration, the motion would be denied because it (1) was untimely, and (2) failed to set forth errors of fact or law, as required by 8 C.F.R. § 1003.2(b)(1). Akwada appealed the Immigration Judge's denial of his second motion and, on February 20, 2001, the BIA denied Akwada's appeal. Akwada did not appeal the BIA's denial of his second motion to this court.

Akwada then retained new counsel. On May 18, 2001, Akwada moved the BIA to reopen proceedings to permit him to adjust his status to that of Legal Permanent Resident. The BIA denied the motion as time and number barred under 8 C.F.R. § 1003.2.

Akwada appeals the denial of his May 2001 motion to reopen, contending that the BIA abused its discretion when it denied the motion.

## II

Generally, we have jurisdiction to review the BIA's denial of a motion to reopen under 8 U.S.C. § 1252.

As a preliminary matter, the government correctly asserts that we lack jurisdiction to review the BIA's denial of Akwada's first two motions. *See id.* at § 1252(b)(1) (a petition for review must

7

be filed not later than 30 days after the date of the final order of removal).  Our review is limited to the BIA's August 23, 2002 denial of Akwada's third motion, for which a petition for review has been timely filed.  *See id*.[4]

The government also contends that we lack jurisdiction to review Akwada's claims that he is entitled to a statutory and regulatory exception to the time and number limits on motions to reopen because he did not receive statutorily prescribed notice of the removal hearing; that he is entitled to equitable relief from any applicable time and number limits on motions to reopen; and that he is eligible for asylum.  The government argues that Akwada failed to exhaust his administrative remedies when he failed to raise these issues before the BIA.  *See id*. at § 1252(d)(1); *Stewart v. INS*, 181 F.3d 587, 596 (4th Cir. 1999).

We conclude that we have jurisdiction to address one aspect of Akwada's notice argument.  In his motion, Akwada specifically argued that because he did not receive oral notice of the time and place of his removal hearing and the consequences of his failure to attend, he is eligible to pursue relief in the form of adjustment of status.  *See* 8 U.S.C. § 1229a(b)(7) (an alien who is deported in absentia after receiving oral notice of the consequences of failure to appear for removal proceedings along with written notice of the

_____

[4]The also government correctly contends that Akwada failed to raise the issue of his eligibility for cancellation of removal in his motion to the BIA.  We lack jurisdiction to review that issue on appeal.  *See* 8 U.S.C. § 1252(d)(1).

8

proceeding is ineligible for several forms of relief, including cancellation of removal and adjustment of status, for a ten year period). We have jurisdiction to review this aspect of Akwada's motion.

The government correctly asserts, however, that we do not have jurisdiction to review Akwada's argument that he should be permitted to file a motion to reopen that is not time or number-barred because he did not receive statutorily prescribed notice of the removal hearing. This argument is only relevant if Akwada's third motion can be construed as a motion to reopen removal proceedings to rescind his in absentia removal order. Time limitations on motions to reopen to rescind an in absentia order may be waived if an alien did not receive statutorily prescribed notice. *See* 8 C.F.R. 1003.23(b)(4)(ii). Akwada's third motion, over which we retain jurisdiction, cannot be construed as a motion to reopen and rescind the removal order. It asks only that the BIA reopen proceedings in order to adjudicate Akwada's adjustment of status application. It does not request that the BIA reopen proceedings in order to rescind the in absentia removal order. Nor does it cite to the statutory or regulatory provisions pertaining to such motions. Moreover, such a motion is properly made to an Immigration Judge, not the BIA. *See* 8 C.F.R. 1003.23. We lack jurisdiction to review whether Akwada was entitled to a motion to reopen to rescind the removal order that was not time-barred under 8 C.F.R. 1003.23(b)(4)(ii).

9

The most difficult jurisdictional question is whether Akwada adequately raised the equitable tolling issue in his motion to the BIA. Akwada did not use the words "equitable tolling" in his motion to the BIA. However, he did allege facts to support a claim of equitable tolling and argued that his motion to reopen should be granted "based on all the equities." In addition, the BIA addressed whether ineffective assistance of counsel or other equitable considerations warranted reopening proceedings. We will exercise jurisdiction to review Akwada's equitable tolling argument, but decline to invoke equitable tolling in this case.

We lack jurisdiction to adjudicate Akwada's asylum application. We have jurisdiction to examine Akwada's asylum claim in the limited context of determining whether Akwada was prejudiced by ineffective assistance of counsel, because his ineffective assistance claim was sufficiently raised to the BIA.

III

Once Akwada was ordered removed in absentia, there were two avenues of relief through which he could challenge the removal order.

First, he could move to reopen proceedings to request that an Immigration Judge or the BIA rescind the removal order pursuant to 8 U.S.C. § 1229a(b)(5)(C). Rescission of the removal order would "annul from the beginning all of the determinations reached in the in absentia hearing." *See In re M-S-*, 22 I. & N. Dec. 349 (BIA

10

1998). The Service would then have to re-establish removability. *Id.* Akwada's first two motions may be construed as motions to reopen to rescind the in absentia removal order. As discussed above, we lack jurisdiction to review the first two motions. Akwada's third motion, at issue before this court, does not request this form of relief.[5]

Second, Akwada could move to reopen proceedings because "a new question ha[d] arisen that require[d] a hearing." *See In re M-S-*, 22 I. & N. Dec. 349 A petitioner who seeks to reopen proceedings on this basis need not first have the removal order rescinded. *Id.*

In Akwada's case, his eligibility for adjustment of status based on an approved I-130 relative visa petition and, arguably, the ineffectiveness of his prior counsel constitute such new questions. Akwada is limited to filing one motion to reopen based

---

[5]Even if we construed Akwada's third motion to the BIA as requesting rescission of the in absentia removal order, that motion would be number-barred. An alien may file one motion to reopen to rescind an absentia removal order. 8 C.F.R. 1003.23(b)(4)(ii). That motion may be filed at any time where the alien demonstrates that he did not receive statutorily prescribed notice. *Id.* Even assuming that Akwada did not receive statutorily prescribed notice and could have filed a motion to reopen in order to rescind the in absentia removal order at any time, he is still limited to filing only one such motion. *See id.*

Akwada erroneously argues that his motion to reopen is not subject to a number limit because he did not receive statutorily prescribed notice of the removal proceedings. There is no number limit on a motion to reopen to rescind an order entered in absentia in *deportation* or *exclusion* proceedings if an alien does not receive statutorily prescribed notice. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(D). Akwada, however, was subject to *removal* proceedings, to which stricter limits apply. *See id.* at § 1003.23(b)(4)(ii).

on new facts, and he was required to file that motion no later than 90 days after the date on which the final administrative decision was rendered in his removal proceeding.  8 C.F.R. § 1003.2(c)(2). Akwada's third motion to the BIA, properly construed as a motion to reopen to review new evidence pursuant to 8 C.F.R. § 1003.2(c), is time-barred.  It was filed well past 90 days after the final order or removal was entered.  *See* 8 C.F.R. § 1003.2(c)(2).[6]

IV

Akwada asserts that even if his motion to reopen is time or number-barred, he is entitled to equitable tolling or waiver of any time and number limits because of the ineffective assistance of his formal counsel.  Specifically, Akwada contends that ineffective assistance of counsel contributed to his failure to appear for both his asylum interview and his removal hearing and caused him to file useless motions, squandering his opportunity to effectively contest the in absentia removal order.

We need not reach the issue whether Akwada sufficiently demonstrated ineffective assistance of counsel. *See Matter of*

---

[6]Akwada also cites *In re M-S-*, 22 I. & N. Dec. 349 (BIA 1998) to support his argument that he can move to adjust status without the statutory time constraints because he never received oral notice of the consequences of his failure to appear.  *In re M-S-* holds that an applicant ordered deported in absentia may file for adjustment of status without meeting the requirements for a motion to rescind an in absentia deportation order.  *In re M-S-* still requires that the motion to reopen comply with the general time and number requirements for motions to reopen based on new evidence, 8 C.F.R. §§ 1003.2 and 1003.23.  *Id*.

*Lozada* 19 I & N Dec. 637 (BIA 1992). Even if the actions of Akwada's former counsel constituted ineffective assistance, we do not consider equitable tolling appropriate under the facts of this case.

"Equitable tolling" is defined as:

> The doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired.

BLACK'S LAW DICTIONARY 560 (7th ed. 1999). *Accord Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946).

"As a general matter equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling is a "discretionary doctrine" that "does not lend itself to bright line rules." *Id*. The doctrine has been applied where "extraordinary circumstances beyond [a claimant's] control made it impossible to file the claims on time." *Id*. (internal citation omitted).

The BIA did not abuse its discretion when it denied equitable relief in this case. We have held that "any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 325. Our case law has declined

13

to grant equitable relief in circumstances far more compelling than these. *See Rouse v. Lee*, 339 F.3d 238, (holding in a death penalty case that counsel's error in filing a habeas petition one day late did not constitute an "exceptional circumstance" that warranted equitable tolling").[7]  Requiring the BIA to consider equitable relief in this case would be inconsistent with our case law.  We decline to equitably toll the time and number limits on motions to reopen in this case or to fault the BIA for declining to do so.[8]

PETITION DENIED

---

[7] Because we do not find equitable tolling appropriate in this case, we need not reach the issue whether the statutory and regulatory time and number bars on motions to reopen removal proceedings are jurisdictional such that equitably tolling may never be employed to overcome them. *See Harris*, 209 F.3d at 328.

[8] We note that because Akwada never received oral notice of the time and place of the proceedings and the consequences of failing to attend a removal proceeding when he received the required written notice, the BIA incorrectly determined that Akwada was ineligible for adjustment of status for a ten-year period. *See* 8 U.S.C. § 1229a(b)(7); *In re M-S-*, 22 I. & N. Dec. 349.  Because it appears that Akwada is presumptively eligible for adjustment of status based on his ten-year marriage to a United States citizen, the government may join in a motion to reopen proceedings to consider Akwada's eligibility for adjustment of status.  Such a joint motion would not be time or number-barred.  *See* 8 C.F.R. §1003.23(b)(4)(iv).

DUNCAN, Circuit Judge, dissenting:

I respectfully disagree with the majority's proposed disposition of this case. I would address the merits of Mr. Akwada's ineffective assistance claim and find that the claim equitably tolls the procedural bars preventing review of this petition. Therefore, I respectfully dissent.

It is undisputed that Mr. Akwada married a legal permanent resident of the United States in 1994 and that his wife became a naturalized citizen in 1998. As the majority recognizes, Mr. Akwada is therefore presumptively eligible for an adjustment of status based on his marriage.[1] Mr. Akwada, however, cannot enjoy the benefit of that presumption solely because of the ineffective assistance of his former counsel.

It is also undisputed that Mr. Akwada's prior counsel: 1) failed to file a Notice of Appointment of Representative Form with the INS for five years, causing him to miss notice of important developments in Mr. Akwada's case; 2) failed to withdraw Mr. Akwada's application for asylum and file conditional residence papers as requested by Mr. Akwada; and 3) failed to inform the INS that Mr. Akwada had changed addresses, causing Mr. Akwada to miss notices of asylum interviews and removal proceedings and, ultimately, to be ordered removed *in absentia*.

---

[1] See Maj. Op. at 14, n. 8.

15

Most importantly, however, former counsel also squandered Mr. Akwada's initial opportunity to reopen proceedings by failing to follow basic filing instructions for the requisite motions.  The time and numerical bars applicable to the instant petition to reopen are the direct result of that ineffective assistance.  The majority refuses to reach the merits of Mr. Akwada's ineffective assistance of counsel claim because he fails to satisfy these time and numerical bars.  This refusal is logically flawed, however, because Mr. Akwada's ineffective assistance claim *is founded on this very failure*.  Therefore, ignoring our duty to address that failure here leaves Mr. Akwada with no forum to ever present the merits of his claim--a claim which everyone acknowledges leaves him "presumptively eligible" for a change in status.  Therefore, I would address the merits of Mr. Akwada's ineffective assistance of counsel claim.  *Accord United States v. Breckenridge*, 93 F.3d 132, 134 (4th Cir. 1996) ("[I]t is well-settled that ineffective assistance of counsel constitutes cause for [defeating the procedural bar for] failure to raise an issue" in a §2255 habeas proceeding.).

In *Matter of Lozada*, 19 I & N Dec 637 (BIA 1988), the BIA established the standard for a successful motion to reopen based on ineffective assistance of counsel.  First, petitioner should include "an affidavit . . . that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not

16

represent to the respondent in this regard." *Id.* at 639. Second, "former counsel must be informed of the allegations and allowed the opportunity to respond." *Id.* Third, "if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not." *Id.*

In the instant petition arguing ineffective assistance of counsel, Mr. Akwada has complied with these factors.[2] He has presented a copy of the agreement into which he entered with former counsel, as well as his understanding of that agreement; he has informed former counsel of the allegations against him and given him an opportunity to respond; and he has filed a complaint against former counsel with the Attorney Grievance Commission in Maryland.

Under other circumstances demonstrating substantial hardship, where the petitioners had substantially complied with the *Lozada* requirements for establishing ineffective assistance of counsel, this court has found that the Board of Immigration Appeals abused its discretion in refusing to equitably toll the time and numerical

---

[2] The *Lozada* requirements need not be rigidly enforced. "Substantial compliance" with the factors will suffice when the record demonstrates that an actual factual basis exists for a legitimate complaint. *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 526 (9th Cir. 2000); *see also Davies v. I.N.S.*, 10 Fed. Appx. 223, 224 (4th. Cir 2001)(per curiam)(unpublished) (finding procedural bars equitably tolled because "[p]etitioners substantially complied with the requirements set forth in *Lozada* for establishing . . . ineffective assistance.").

17

requirements for the petition. *Davies v. I.N.S.*, 10 Fed. Appx. 223, 224 (4th. Cir 2001)(per curiam) (unpublished). Based on former counsel's inexcusable negligence in this case, I would so find here. To hold otherwise provides Mr. Akwada with no avenue through which to remedy the ineffective assistance or remedy the extreme prejudice to which it has exposed him. The majority presents no countervailing considerations for its refusal to do so.[3]

Accordingly, I would equitably toll the procedural requirements preventing adjudication of this claim and remand this petition to the BIA so that it may consider the merits.

I respectfully dissent.

---

[3]At the end of its opinion, the majority notes that a motion to reopen jointly filed by Mr. Akwada and the government would not be subject to the time bars applicable in this case, and may be advisable because Mr. Akwada is "presumptively eligible for adjustment of status." Maj. Op. at 14, n. 8 (citing 8 C.F.R. § 1003.23(b)(4)(iv)). It is difficult to see, however, of what comfort this should be to Mr. Akwada. The majority does not provide any indication that the government, having opposed Mr. Akwada's petition to reopen in this case, would join in a subsequently filed petition. More fundamentally, the existence of this potential avenue of relief does not absolve this court of its responsibility to correct a proceeding "so fundamentally unfair that [Mr. Akwada] was prevented from reasonably presenting his case" through no fault of his own. *Lozada v. I.N.S.*, 857 F.2d 10, 13 (1st. Cir. 1988) (internal quotation omitted).