**LI DING DONG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 05–0627–ag.

United States Court of Appeals, Second Circuit.

June 20, 2006.

Gang Zhou, New York, NY, for Petitioner.

Brent I. Anderson, Assistant United States Attorney (Eric F. Melgren, United States Attorney, District of Kansas, on the brief), Wichita, KS, for Respondent.

Present JON O. NEWMAN, CHESTER J. STRAUB, Circuit Judges, and CHARLES L. BRIEANT, District

Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED that the petition for review of a decision of the Board of Immigration Appeals is **DENIED.**

Petitioner Li Ding Dong ("Dong") (A76–505–671) petitions for review of the Board of Immigration Appeals' ("BIA") order of January 27, 2005, denying Dong's third motion to reopen its decision of February 28, 2001, affirming the decision of Immigration Judge ("IJ") Jeffrey S. Chase declining to reopen Dong's removal proceedings. When Dong failed to appear at his removal hearing on November 24, 1999, the IJ ordered him removed *in absentia.* Even though the BIA erred denying Dong's third motion to reopen as untimely, we deny Dong's petition because remanding the case to the BIA would be futile since Dong was not entitled to file more than one motion to reopen.

On September 27, 1999, Dong entered the country illegally and was detained by the Immigration and Nationalization Service. On October 15, 1999, he was released from custody on bond and went to New York City. Dong failed to appear for his removal hearing on November 24, 1999, and the IJ ordered him removed to the Peoples' Republic of China.

Dong has subsequently filed three motions to reopen his removal proceedings on the basis that he never received notice of the November 24, 1999 hearing. On January 27, 2005, the BIA denied Dong's third motion to reopen. The BIA held that the motion was three years untimely. Moreover, the BIA rejected Dong's claim that

his counsel's ineffective assistance should excuse the untimely filing. Dong now petitions us for review of the BIA's denial of his third motion to reopen.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ The BIA exceeded its allowable discretion by holding that Dong's third motion to reopen was "more than three years untimely." Under 8 C.F.R. § 1003.2(c)(3), *the time limitation* set forth in 8 C.F.R. § 1003.2(c)(2) does not apply to a motion to reopen removal proceedings by an alien ordered removed *in absentia* who claims that he did not receive proper notice of the removal hearing. *See also* 8 C.F.R. § 1003.23(b)(4)(ii). An alien ordered removed *in absentia* may bring one motion to reopen "at any time if the alien demonstrates that he or she did not receive notice in accordance with sections 239(a)(1) or (2) of the Act." *Id.* Because Dong claimed that he did not receive proper notice of the November 24, 1999 removal hearing, his motion was not untimely and could have been brought "at any time."

Despite the BIA's legal error, "we are not required to remand where there is no realistic possibility that, absent the errors,

---

\* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

the IJ or BIA would have reached a different conclusion." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005). We will not remand a case to the BIA when we "can confidently predict that the [BIA] would reach the same decision absent the errors that were made." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006) (internal quotation marks omitted).

Here, we are confident that the BIA would deny Dong's petition on remand by correctly applying the regulations governing motions to reopen *in absentia* proceedings. An alien in removal[1] proceedings may file only one motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2)-(3). The motion to reopen that is the subject of this petition was Dong's third. Accordingly, Dong's motion was numerically barred under regulation 1003.2(c)(2), and, therefore, remanding the case to the BIA would be futile.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.

---

1. We requested further briefing from the government on whether the exemption from the time *and number* limitations of section 1003.2(c)(2) applied to this case. Only motions to reopen "[o]rder[s] entered in absentia in *deportation or exclusion* proceedings" are excluded from both the time and number limitations of section 1003.2(c)(2). § 1003.23(b)(4)(iii) (emphasis added). Motions to reopen *removal* proceedings, however, are only exempted from the time limitation of section 1003.2(c)(2). *See* § 1003.2(c)(3). As the Third, Seventh, and Ninth Circuits have all recognized, "[s]eparate statutes and regulations apply to an alien who is ordered deported or excluded—as op-

posed to removed—in absentia," and an alien in removal proceedings is not excused from the number limitations on filing motions to reopen. *Luntungan v. Attorney Gen. of U.S.*, No. 05–2397, 2006 WL 1520241, **3–4 (3d Cir. June 5, 2006); *accord Joshi v. Ashcroft*, 389 F.3d 732, 734 (7th Cir.2004); *Fajardo v. INS*, 300 F.3d 1018, 1020 (9th Cir.2002); *see also Akwada v. Ashcroft*, 113 Fed.Appx. 532, 537 n. 5 (4th Cir.2004).

