RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0227p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

---

RANIA KAMAL TOUBIA MEZO,

       *Petitioner,*

  *v.*

     No. 09-3336

ERIC H. HOLDER, JR., Attorney General,

       *Respondent.*

On Petition for Review from the
Board of Immigration Appeals.
No. A098 526 196 Detroit.

Argued: March 12, 2010

Decided and Filed: August 2, 2010

Before: MARTIN and GIBBONS, Circuit Judges; MARBLEY, District Judge.[*]

---

## COUNSEL

**ARGUED:** David H. Paruch, LAW OFFICES, Troy, Michigan, for Petitioner. Gladys Marta Steffens Guzman, OFFICE OF IMMIGRATION LITIGATION, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** David H. Paruch, LAW OFFICES, Troy, Michigan, for Petitioner. Michele Y. F. Sarko, OFFICE OF IMMIGRATION LITIGATION, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

## OPINION

---

  BOYCE F. MARTIN, JR., Circuit Judge. Rania Mezo claims that she received ineffective assistance of counsel and seeks review of the Board of Immigration Appeals'

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

denial of her motion to reopen.  Because the Board abused its discretion in finding that Mezo did not show due diligence, we **VACATE** and **REMAND** the Board's decision for further fact-finding to determine the truth of Mezo's allegations.  If the Board finds that she received ineffective assistance of counsel and that Mezo was prejudiced by the ineffective assistance, equitable tolling would apply, the motion to reopen would be timely, and the Board would then rule on the motion to reopen on its merits.  If the Board finds that she did not receive ineffective assistance of counsel, equitable tolling would not apply, the motion to reopen would not be timely and the Board would lack jurisdiction to hear her motion to reopen.

I.

*A.     Background*[1]

Mezo is a native of the United Arab Emirates and a citizen of Iraq.  She is a Catholic of Chaldean nationality,[2] which are religious and ethnic minorities in the Middle East.  When Saddam Hussein's regime occupied Kuwait in 1991, her family moved to Syria to escape retaliatory actions against Iraqis living in the United Arab Emirates.  Mezo alleges that she was persecuted throughout her childhood and early adulthood by her teachers and classmates because she was not Muslim and refused to join the Ba'ath party.   Mezo claims that, between April 6, 1997 and May 18, 2005, when she fled to the United States, she was investigated, threatened, interrogated, imprisoned, tortured, and raped by members of the Syrian Security Administration on multiple occasions.

Mezo arrived in the United States on May 18, 2005, on a non-immigrant-fiancee-of-a-United-States-citizen visa, with authorization to remain in the United States until no later than August 17, 2005.  However, she stayed beyond that time without authorization.  On September 19, 2005, within one year of her arrival, she filed an

---

[1]Facts are drawn from Mezo's personal statement in her claim for asylum.  Because it is not pertinent to the issue on appeal, we only briefly summarize her personal background.

[2]Mezo's mother is Syrian.  Her father is Chaldean.

Application for Asylum and Withholding of Removal with the Chicago Asylum Office of the Department of Homeland Security, but it denied her request and referred her to an evidentiary hearing before an immigration judge. On December 22, 2005, the Department of Homeland Security served Mezo with a Notice to Appear, charging her with removability under the Immigration and Nationality Act § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for having remained in the United States longer than permitted.

On July 26, 2007, Mezo applied for asylum, withholding of removal, and protection under the Convention Against Torture, Vienna Convention on Consular Relations, 21 U.S.T. 77, 595 U.N.T.S. 261 (ratified by the United States on Nov. 24, 1969), in a hearing held before an immigration judge. In an oral decision, the immigration judge denied Mezo's applications for asylum, withholding of removal under the Act with respect to the United Arab Emirates and Iraq, and protection under the Convention with regard to the United Arab Emirates, Syria, and Iraq. The judge granted Mezo's application for withholding of removal under the Act with regard to Syria. The judge then ordered that Mezo be deported to Iraq, or in the alternative, to the United Arab Emirates, specifying orally and in writing that Mezo's appeal was due by August 27, 2007.

## B.     *Ineffective Assistance of Counsel*

On August 23, 2007, Mezo retained attorney Patricia Sullivan to file her appeal. Mezo made a partial attorney's fee payment and paid the filing fee of six-hundred and ten dollars to Sullivan that day. Because Sullivan chose to mail the appeal via United States regular mail,[3] the appeals office did not receive the notice of appeal until September 4, 2007.[4] On October 11, 2007, the Board denied the appeal because the notice of appeal was filed after the August 27, 2007 deadline, and the Board stated that

---

[3] Although the record does not state that Sullivan promised to timely file Mezo's appeal, it is difficult to imagine why Mezo would have retained an attorney without such an understanding.

[4] Sullivan asserted in her motion to reconsider that the original appeal was untimely filed because of "delivery delay caused by outside clerical deficiencies." (App'x at 34.) The envelope in which she mailed the appeal was post-marked August 24, 2007. It is unclear why the notice of appeal and filing fee was not received until September 4, 2007.

it therefore lacked jurisdiction to hear the appeal. The record reflects that Sullivan sent Mezo a letter on September 11, 2007, stating that the notice of appeal was filed with the appeals office on September 4, 2007. Mezo alleges that Sullivan never informed her that the appeal was subsequently denied, although Mezo called Sullivan several times to inquire about the appeal. Instead, Sullivan told Mezo that "everything was taken care of", to "wait for a decision", and "that she needed more time and that [Mezo] should not worry." (App'x at 18.) Mezo stated that she believed that Sullivan "took care of the matter and properly processed her appeal." (*Id.*)

In June 2008, approximately ten months after Sullivan filed the appeal, Mezo consulted attorney Faten Tina Shuker about her case. According to Mezo, it was only then that she discovered that her appeal had been dismissed because it was untimely filed. Mezo also learned that Sullivan had filed a motion to reconsider on her behalf on November 20, 2007. However, this motion was due within thirty days of the October 1, 2007 decision. The Board, therefore, dismissed the motion to reconsider as untimely on March 21, 2008.

Mezo, with Shukar's aid, worked to obtain her file from Sullivan. She then filed a grievance against Sullivan with the State of Michigan Attorney Grievance Commission on July 24, 2008, and she served a copy of the grievance on Sullivan the next day in compliance with the requirements for asserting a viable claim of ineffective assistance of counsel described in *Matter of Lazado*, 19 I & N Dec. 637, 639 (BIA 1988).[5] Mezo also filed a motion to reopen on July 25, 2008, claiming that she was denied due process of law because Sullivan's errors and misrepresentations rendered her assistance ineffective. Mezo further contended that she was eligible to reopen her asylum case based on changed country conditions in Iraq and recent legislation, the National Defense Authorization Act, 8 U.S.C. § 1229a(c)(7) (2008), allowing certain Iraqis who were

---

[5]The Attorney General vacated *Lazado* in *Matter of Compean*, 24 I & N Dec. 710 (BIA 2009). However, the Attorney General subsequently vacated *Compean* in *Matter of Compean*, 25 I & N Dec. 1 (BIA 2009), directing immigration judges to apply the *Lazado* standard to motions to reopen based on claims of ineffective assistance of counsel.

denied asylum after March 1, 2003, for, inter alia, changed country conditions, to reopen their cases.

In March 2009, the Board denied Mezo's motion to reopen, finding that she failed to establish that she exercised due diligence in both hiring an attorney to file her initial appeal only four days before the due date of her original appeal and in filing her motion to reopen four months after the Board's decision dismissing the motion to reconsider. Mezo timely appealed, arguing that the Board abused its discretion when it refused to apply equitable tolling to excuse her failure to timely file and denied her motion to reopen.

II.

Where an alien seeks to reopen a time-barred motion, the doctrine of equitable tolling may be applied to permit reopening when the alien demonstrates that she received ineffective assistance of counsel and was prejudiced thereby. *See Allabani v. Gonzales*, 402 F.3d 668, 676 (6th Cir. 2005) ("The alien carries the burden of establishing that ineffective assistance of counsel prejudiced him or denied him fundamental fairness in order to prove that he has suffered a denial of due process.") (citing *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001)). "Strictly defined, equitable tolling is [t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *See Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008) (citing *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 422 (6th Cir. 2007)). "Equitable tolling may apply when a petitioner has received ineffective assistance of counsel." *Id.* (citing *Ljucovic v. Gonzales*, 144 F. App'x 500, 503 (6th Cir. 2005)).

"To determine whether to apply equitable tolling to time-barred claims, we generally consider five factors that include: '(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal

requirement for filing his claim.'" *Barry*, 524 F.3d at 724 (quoting *Ajazi v. Gonzales*, 216 F. App'x 515, 518 (6th Cir. 2007)).

We review a denial of a motion to reopen for abuse of discretion. *Tapia-Martinez*, 482 F.3d at 421. An abuse of discretion occurs when the denial "was made without a rational explanation, inexplicably departed from established policies, or rested on an invidious discrimination against a particular group." *Id.* We review issues of law de novo. *Barry*, 524 F.3d at 724. We cannot reverse the Board's factual findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B); *Singh v. Gonzales*, 451 F.3d 400, 403 (6th Cir. 2006).

## III.

### A.      *Whether the Board Erred in not Granting Mezo Equitable Tolling*

In past cases, we have declined to equitably toll the time period for filing motions to reopen for two reasons: (1) where the petitioner failed to establish prejudice from former counsel's untimely appeal, *see Scorteanu v. INS*, 339 F.3d 407, 413 (6th Cir. 2003); and (2) where the petitioner failed to exercise diligence in pursuing his rights. *See Barry*, 524 F.3d at 725. "[A]t a minimum, a petitioner seeking to resuscitate a time-barred immigration appeal must establish due diligence." *Ajazi*, 216 F. App'x at 519.

The Board specifically cited (1) Mezo's failure to retain an attorney to file her original appeal until four days before the appeal filing deadline and (2) the fact that she waited until four months after her motion to reconsider was denied to file her motion to reopen as demonstrating that she did not exercise due diligence in meeting filing deadlines.

### 1.      *Mezo's Hiring of Sullivan*

The Board rejected Mezo's appeal on the ground that "the motion does not establish that due diligence was exercised . . . to hire the attorney (Sullivan)." While it would have been better if Mezo had hired her attorney earlier than four days before her filing deadline, the fact remains that she *did* hire Sullivan before the deadline had passed, presumably relying on Sullivan's representations that the appeal would be filed on time. Had compliance with the deadline been impossible, Sullivan should not have taken the case. And, had Sullivan overnighted or hand-delivered the appeal, it likely would have been timely filed.

When Mezo called Sullivan to follow up on the status of her appeal, Sullivan allegedly told Mezo "everything was taken care of", to "wait for a decision", "that she needed more time and that [Mezo] should not worry", and then filed an untimely motion to reconsider on Mezo's behalf without informing Mezo that she had done so. Thus, it is not unreasonable to assume that the same type of misrepresentation that characterized Sullivan's communications to Mezo regarding the status of her appeal may also have tainted Sullivan's communication to Mezo regarding Sullivan's ability to file the original appeal in a timely fashion. Indeed, it is difficult to understand why Mezo would have paid Sullivan a partial attorney's fee and filing fee if she did not believe that Sullivan would timely file. We find no evidence in the record to support the Board's conclusion that Mezo's untimely filed appeal resulted from her own lack of diligence. Thus, as Mezo acted with due diligence in retaining Sullivan, the Board's reliance upon Mezo's delay in initially hiring an attorney was misplaced.

### 2.      *Filing of Motion for Reopening*

The Board also found that, because Mezo waited until four months after her motion to reconsider was denied to file her motion to reopen, she did not exercise due diligence in meeting filing deadlines. Mezo responds that her late filing of the motion to reopen resulted solely from the fact that Sullivan filed the motion to reconsider without Mezo's knowledge and that, when Mezo discovered the status of her appeal, she acted quickly.

"This Court has focused its due diligence inquiry . . . on petitioner's conduct *before* learning the status of his appeal." *Ajazi*, 216 F. App'x at 519 (emphasis added) (finding that petitioner did not act with due diligence when he failed to make any inquiries regarding the status of his appeal for several years); *see also Tapia-Martinez*, 482 F.3d at 424 (finding that a petitioner failed to exercise due diligence when she was alerted to, if not on actual notice of, her attorney's failure to file a timely appeal and was advised by the immigration judge to file a motion to reopen but waited over three years thereafter to file the motion). We also consider whether a petitioner was diligent *after* the petitioner learned of the need to file a motion to reopen but did not file until after the deadline. *See Scorteanu*, 339 F.3d at 414 (delay after actual notice was not excused, and petitioner was not diligent, where he mistakenly believed that he had to locate former counsel and obtain an affidavit from him to establish ineffective assistance in support of a motion to reopen before filing it). "Due diligence requires an alien to prove that the delay in filing the motion to reopen was due to 'an exceptional circumstance beyond his control.'" *Barry,* 524 F.3d at 724 (quoting *Tapia-Martinez*, 482 F.3d at 423).[6]

Given the evidence that Mezo hired an attorney and was lied to by that attorney, combined with her lack of understanding of our Byzantine immigration laws, the likely cause of her delay in moving to reopen was not a lack of due diligence. Viewed in light of all her actions, it seems that, had Mezo been aware of her attorney's misconduct, she would have acted promptly to file her motion to reopen and otherwise diligently pursue her claim, as she did when she finally learned of Sullivan's misconduct. She filed her

---

[6]While we have never ruled on a case where the lawyer's behavior was so egregious and the petitioner's behavior was so sympathetic as here, s*ee Barry*, 524 F.3d at 725; *Tapia-Martinez*, 482 F.3d at 423; *Scorteanu*, 339 F.3d at 414, in cases like Mezo's, our sister circuits have found that the alien was diligent in relying upon the assurances of counsel and have applied equitable tolling. Furthermore, generally, only the Fifth, Eighth, and Eleventh Circuits have not adopted equitable tolling doctrines in cases where the filing period was not met due to ineffective assistance of counsel. *See Borges v. Gonzales*, 402 F.3d 398 (3d Cir. 2005); *Pervaiz v. Gonzales*, 405 F.3d 488, 491 (7th Cir. 2005); *Akwada v. Ashcroft*, 113 F. App'x 532 (4th Cir. 2004); *Itturribarria v. INS*, 321 F.3d 889, 898-900 (9th Cir. 2003) (holding that "[the petitioner] cannot be precluded from demonstrating ineffective assistance of counsel because he reasonably relied upon and assumed his counsel's competence" and "petitioners did not lack due diligence because they relied on representatives who turned out to be unscrupulous liars"); *Riley v. INS*, 310 F.3d 1253, 1259 (10th Cir. 2002); *Socop-Gonazalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (applying equitable tolling in situations where an alien was unaware, despite due diligence, that he missed the limitations period for filing a motion to reopen due to ineffective assistance of counsel); *Jobe v. INS*, 238 F.3d 96, 100-01 (1st Cir. 2001); *Iavorski v. INS*, 232 F.3d 124, 129 (2d Cir. 2000).

motion to reopen on June 25, 2008, less than a month after discovering Sullivan's malfeasance, a feat that can only be described as acting with due diligence.

If the Board finds that Mezo's allegations are true and that she was prejudiced by Sullivan's untimely filing, then the period during which Sullivan lied to Mezo about the status of her appeal should be tolled until the time that Mezo reasonably could have discovered Sullivan's fraud. The clock would start again when Mezo discovered Sullivan's fraudulence—resulting in a timely filed motion to reopen.

Because, based on the record before us, we find that no reasonable adjudicator could conclude that Mezo did not exercise due diligence, we remand her claim to the Board for further proceedings.

IV.

Accordingly, we find that the Board abused its discretion in finding that Mezo was not diligent and remand the Board's decision for further fact-finding to determine the truth of Mezo's allegations. If her allegations that she received ineffective assistance of counsel are found to be true, and she demonstrates prejudice as a result of the ineffective assistance, equitable tolling would apply, the motion to reopen would be timely, and the Board would then rule on the motion to reopen on its merits. If not, equitable tolling would not apply, the motion to reopen would not be timely and the Board would lack jurisdiction to hear her motion to reopen.