**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0722n.06

No. 09-4306

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED
Nov 18, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| RAGUNI PATEL, | ) | |
| | ) | |
| **Petitioner,** | ) | ON PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD |
| v. | ) | OF IMMIGRATION APPEALS |
| | ) | |
| ERIC H. HOLDER, JR., Attorney | ) | |
| General of the United States, | ) | **O P I N I O N** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Before:  MOORE, SUTTON, and McKEAGUE, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.**  Petitioner Raguni Patel ("Patel") seeks review of a final order issued by the Board of Immigration Appeals ("BIA"), denying as untimely Patel's motion to reopen removal proceedings.  In her petition for review, Patel argues that the BIA abused its discretion in:  (1) denying Patel's motion to reopen despite ineffective assistance of prior counsel, and (2) declining to equitably toll the timeliness requirement for her motion on the same grounds.  Upon review, we conclude that the BIA did not abuse its discretion in denying as untimely Patel's motion to reopen and in declining to equitably toll the filing deadline.  Patel did not establish that she was prejudiced by the actions of her prior counsel because she has failed to demonstrate prima facie eligibility for relief from removal.  Therefore, Patel's petition for review is **DENIED**.

## I. BACKGROUND

Patel is a native and citizen of India.  She arrived in the United States from Canada on or about August 23, 2004.  On August 24, 2004, the Department of Homeland Security ("DHS") initiated removal proceedings against Patel by filing a Notice to Appear ("NTA") which alleged that Patel was removable for being present in the United States without having been admitted or paroled, in violation of § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i).  On November 12, 2004, Patel, without the assistance of counsel, appeared before an immigration judge ("IJ") and admitted that she did not fear returning to India, but rather that she had come to the United States for economic reasons.  The IJ continued the hearing so that Patel could search for representation.

On September 16, 2005, Patel, again without representation, appeared at her continued hearing before a different IJ.  At this hearing, Patel admitted all of the allegations listed in the NTA. As a result, the IJ found that Patel was subject to removal and designated India as her country of removal.  With respect to her fear of return, Patel told the IJ that her parents would kill her if she returned to India without money to repay the family's creditors.  In response, the IJ advised Patel that she was time-barred from applying for asylum but could instead file for withholding of removal and protection under the Convention Against Torture ("CAT").  The IJ provided Patel with an I-589 application and instructions for complying with its biometrics requirements.  The IJ set a deadline of November 30, 2005 for Patel to comply with the biometrics requirements and January 12, 2006 for her to submit to the court notice of compliance along with an I-589 application.  Patel was

advised that if she did not comply, and could not show exceptional circumstances for failure to comply, her application would be deemed abandoned and relief would be denied.

On February 24, 2006, Patel appeared at a hearing with counsel; however, she did not submit a completed I-589 application or evidence of biometrics compliance. Despite Patel's failure to meet the court's original deadlines, the IJ set a new deadline of March 31, 2006 for biometrics compliance and April 28, 2006 for Patel to file her application for relief. On July 25, 2006, three months after the extended deadline had passed, Patel attempted to file an application for withholding of removal and protection under the CAT; however, her application still did not provide proof of biometrics compliance. On August 2, 2006, the IJ issued a written order deeming Patel's applications abandoned and denying relief because Patel had failed to meet the filing deadline and had provided no proof that she had complied with the biometrics requirements.

On October 26, 2006, Patel appeared before the IJ with counsel, but again failed to provide a completed application. At the hearing, Patel declined to seek voluntary departure and reserved her right to appeal the IJ's order of removal. The IJ found that Patel's failure timely to file an application for relief from removal or to comply with the biometrics requirements, without good cause, constituted abandonment of the application. Accordingly, the IJ issued an oral decision denying Patel's applications for withholding of removal and protection under the CAT and ordering her removed to India. Patel appealed the IJ's decision to the BIA, which dismissed the appeal and issued a final order of removal on July 11, 2008. The BIA noted that Patel "makes no claim on appeal that she ever complied with the filing instructions given to her or that she has a meritorious

3

claim to withholding of removal or protection under the Convention Against Torture." Administrative Record ("A.R.") at 164.

On March 25, 2009, with the assistance of new counsel, Patel filed with the BIA a motion to reopen, claiming that ineffective assistance of prior counsel had prevented her from properly filing an application for relief. Patel also claimed that ineffective assistance of prior counsel excused her failure to file the motion to reopen within ninety days of the BIA's final order. She alleged that her former attorney had not notified her of the dismissal of her appeal or of her option to file a motion to reopen.

On September 30, 2009, the BIA denied Patel's motion to reopen as untimely. The BIA determined that Patel had failed to show that she was prejudiced by the conduct of her former attorney because "[s]he ha[d] not made out a *prima facie* case of eligibility for relief from removal." A.R. at 2. Patel timely filed a petition for review in this court.

## II. ANALYSIS

Patel claims that her removal proceedings should be reopened because she was prejudiced by the ineffective assistance of her prior counsel. In particular, Patel argues that she was prejudiced by her prior counsel's failure timely to file an application for relief on her behalf, to notify her of the denial of her appeal, and to file a motion to reopen. Consequently, Patel argues that the BIA abused its discretion when it declined to equitably toll the filing period for her motion to reopen and then denied her motion to reopen as untimely.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005). The BIA abuses its discretion when the denial of a motion to reopen "was made without a rational explanation, inexplicably departed from established polices, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (internal quotation marks omitted). "However, where there is a claim of ineffective assistance of counsel, we review this question of law de novo." *Id.* at 676.

We conclude that Patel has "failed to establish prima facie eligibility for relief," and we deny Patel's petition for review. *See id.*; *see also INS v. Abudu*, 485 U.S. 94, 104 (1988) ("[T]he BIA may deny a motion to reopen . . . [when] the movant has not established a prima facie case for the underlying substantive relief sought."). A motion to reopen must be filed with the BIA "within 90 days of the date of entry of a final administrative order of removal." INA § 240(c)(7), 8 U.S.C. § 1229a(c)(7). "Where an alien seeks to reopen a time-barred motion, the doctrine of equitable tolling may be applied to permit reopening when the alien demonstrates that she received ineffective assistance of counsel and was prejudiced thereby." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010). We may "decline[] to equitably toll the time period for filing motions to reopen . . . where the petitioner fail[s] to establish prejudice from . . . [an] untimely appeal." *Id.*

Patel's claim of ineffective assistance of counsel fails because she has not established that her former attorney's performance prejudiced her case.[1] In order to show prejudice, Patel must

---

[1]Patel argues that she has satisfied the procedural requirements for establishing ineffective assistance of counsel under *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). We note that the *Lozada* requirements were abrogated in part by the Attorney General's decision in *Matter of*

demonstrate prima facie eligibility for the underlying relief sought. *Allabani*, 402 F.3d at 676-78;

*see Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001) (holding that, because petitioners

"conceded that they are ineligible for cancellation of removal, they could not possibly be prejudiced

by counsel's alleged ineffective assistance"). Patel was required to include her application for relief

in her motion to reopen with the Board, but she did not do so.[2] In fact, Patel has not demonstrated

that she has ever properly filed an application for withholding of removal or protection under the

CAT, even after learning of the denial of her appeal and retaining new counsel. Given that Patel

cannot make a prima facie showing of entitlement to relief, Patel fails to show prejudice. *See*

*Scorteanu v. INS*, 339 F.3d 407, 414 (6th Cir. 2003) (denying relief on ineffective assistance grounds

when petitioner failed to make a prima facie showing of entitlement to equitable tolling).

### III.  CONCLUSION

Because Patel cannot show prejudice caused by ineffective assistance of prior counsel,

equitable tolling does not apply, and Patel's motion to reopen is not timely. Therefore, the BIA did

---

*Compean*, 24 I. & N. Dec. 710 (A.G. 2009). However, in June 2009, the Attorney General vacated the *Compean* decision and directed the BIA to apply the previously established *Lozada* standards pending a comprehensive rulemaking process. *Matter of Compean*, 25 I. & N. Dec. 1 (A.G. 2009). We do not need to reach the issue of whether Patel sufficiently complied with any relevant procedural requirements because she has not demonstrated prejudice from her attorney's deficient performance.

[2]A motion to reopen must be accompanied by the application for the requested relief with supporting documentation. 8 C.F.R. §§ 1003.2(c)(1); *Matter of Yewondwosen*, 21 I. & N. Dec. 1025, 1026 (BIA 1997).

not abuse its discretion in declining to equitably toll the filing period and in denying Patel's motion

to reopen.  Accordingly, we **DENY** Patel's petition for review.