NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0288n.06

No. 10-4475

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Mar 13, 2012***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| IRMA DEL CARMEN VALLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Irma Del Carmen Valle, a native and citizen of El Salvador who is represented by counsel, petitions for review of a Board of Immigration Appeals order that denied her motion to reopen her removal proceedings.

Valle entered the United States illegally in 1989 or 1990. Valle filed an application for asylum in 1995, and an immigration officer referred her application to an immigration judge in 2003. Subsequently, Valle withdrew her application for asylum and sought relief only under the Nicaraguan Adjustment and Central American Relief Act (NACARA), Pub. L. No. 105–100, 111 Stat. 2160 (1997), and alternatively, requested voluntary departure. Following an evidentiary hearing, an Immigration Judge issued an oral decision in which he denied Valle's requests for relief. The Board of Immigration Appeals dismissed Valle's subsequent appeal as without merit.

Valle did not petition this court for judicial review of the Board's decision. Rather, Valle filed before the Board a motion to reconsider or to reopen her removal proceedings to seek an adjustment of her status. The request was made, in part, because an application for a visa filed for her by her spouse had been approved. The Board denied Valle's motion, and this timely petition

followed. We denied Valle's motion to stay her removal. *Valle v. Holder*, No. 10-4475 (6th Cir. Dec. 14, 2010) (unpublished order).

Valle contends that: 1) she established eligibility for NACARA relief; 2) she was of good moral character for seven years preceding her application; 3) the Immigration Judge abused his discretion in denying her request for voluntary departure; and 4) she was eligible for relief under 8 U.S.C. § 1255(i). The government responds that we lack jurisdiction to review the underlying denial of voluntary departure, and that the Board properly denied Valle's motion to reconsider or to reopen. Upon consideration, the petition for review is denied because the Board did not abuse its discretion in denying Valle's motion to reconsider or to reopen.

Valle devotes most of her brief to challenges to the Immigration Judge's decision to deny her voluntary departure and relief under NACARA. The government correctly notes that we lack jurisdiction to review the underlying agency decision to deny Valle relief. Generally, an alien may file a motion to reconsider within thirty days of the entry of an order of removal and a motion to reopen within ninety days of the order. *Gor v. Holder*, 607 F.3d 180, 184 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 3058 (2011). However, neither a motion to reconsider nor a motion to reopen tolls the thirty-day time period for seeking judicial review of the underlying decision. *Id.* at 185. Therefore, we have no jurisdiction to review the Board's order that dismissed Valle's appeal from the Immigration Judge's decision.

Furthermore, the Board did not abuse its discretion in denying Valle's motion to reconsider or to reopen her removal proceedings. The legal authority for motions to reopen comes solely from regulations promulgated by the Attorney General. *INS v. Doherty*, 502 U.S. 314, 322 (1992). The regulations provide that a motion to reopen is "within the discretion of the Board," and that the "Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a); *see also Doherty*, 502 U.S. at 323. The Board has "broad discretion" to grant or deny a motion to reopen, *Gor*, 607 F.3d at 187, and the Board's denial of a motion to reconsider or to reopen is reviewed only for an abuse of that discretion. *Gordillo v. Holder*, 640 F.3d 700, 702 (6th Cir. 2011); *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003). An

abuse of discretion occurs where a denial was without rational explanation, was an inexplicable departure from established policies, or was based on invidious discrimination. *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010); *Denko*, 351 F.3d at 723.

Valle cannot show that the Board abused its discretion. The Board correctly concluded that Valle was not eligible for adjustment of her status because she was not "inspected and admitted or paroled into the United States." *See* 8 U.S.C. § 1255(a). Further, Valle was also ineligible for adjustment of her status on the basis of an approved visa petition because the petition was filed after April 30, 2001. *See* 8 U.S.C. § 1255(i)(1)(B)(i). Therefore, the Board's decision is not an abuse of its broad discretion.

The petition for review is denied.