NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0370n.06

No. 11-3182

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TELMA LETICIA RODRIGUEZ,                    )
                                            )
          Petitioner,                       )
                                            )
v.                                          )        ON PETITION FOR REVIEW
                                            )        FROM A FINAL ORDER OF THE
ERIC H. HOLDER, JR., Attorney General,      )        BOARD OF IMMIGRATION
                                            )        APPEALS
          Respondent.                       )

FILED

Apr 05, 2012

LEONARD GREEN, Clerk

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Telma Leticia Rodriguez, a native and citizen of Guatemala who is represented by counsel, petitions for review of a decision by the Board of Immigration Appeals dismissing her appeal from an order by an immigration judge (IJ). The IJ had denied Rodriguez's motion to reconsider the denial of her request to reopen her removal proceedings.

Rodriguez applied for asylum in 1991 after entering the United States in 1990. An asylum officer declined to grant Rodriguez asylum after a 1997 interview and referred Rodriguez to an IJ for removal proceedings. On October 23, 2001, following a hearing before an IJ, Rodriguez withdrew her application for asylum and withholding of removal, agreed to voluntary removal, and waived her right to appeal. The IJ entered an alternate order of removal to Guatemala to take effect on December 24, 2001. Rodriguez did not leave the country and was detained in 2008. She then moved to reopen her removal proceedings, arguing that her counsel during the removal proceedings was ineffective by not appealing the IJ's decision and by not advising her to apply for relief under

the Nicaraguan Adjustment and Central American Relief Act of 1997, Pub. L. No. 105-100, 111 Stat. 2160. In her motion, Rodriguez asserted that she was eligible for benefits under the statute because she entered the United States in January 1990. Thus, she satisfied the requirement of entering the United States on or before October 1, 1990. An IJ denied the motion, concluding that Rodriguez was not prejudiced by her attorney because the previous IJ had determined that Rodriguez entered the United States on December 10, 1990. Therefore, Rodriguez had failed to satisfy the entry requirement of the statute.

Rodriguez moved for reconsideration, arguing that her arrival date was never determined because she withdrew her asylum application. She also submitted a Michigan employment identification card issued in June 1990 under an assumed name. Rodriguez stated that she had fraudulently obtained the card, but claimed that it included her picture. Thus, the card established that she was in the United States before October 1, 1990. The IJ denied the motion, finding no factual or legal error in the decision denying Rodriguez's motion to reopen because the "unlawfully obtained" identification card did "not constitute credible evidence."

The Board agreed, concluding that the identification card was "unreliable and therefore inadequate to overcome [Rodriguez's] multiple prior statements indicating that she entered the United States on December 10, 1990." Thus, the Board held that Rodriguez "did not establish that she was prejudiced by ineffective assistance of counsel." The Board further held that Rodriguez's motions were untimely and that Rodriguez did not show the due diligence necessary to equitably toll the filing requirements of the motions. On appeal, Rodriguez argues that the Board erred by not accepting the Michigan identification card as proof of her presence in the United States and by finding that she was not prejudiced by counsel's actions.

The Board's denial of a motion to reopen is reviewed for an abuse of discretion. *Bi Feng Liu v. Holder*, 560 F.3d 485, 489 (6th Cir. 2009). "This Court will find an abuse of discretion if the denial of the motion to reopen 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Id.* at 490 (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)). The denial of a motion to reconsider is also reviewed for an abuse of discretion. *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007). Because the Board has broad discretion to grant or deny a motion to reopen, "a party seeking reopening or reconsideration bears a 'heavy burden.'" *Id*. (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). "The purpose of a motion to reconsider is not to present new evidence, but rather to provide an opportunity for the petitioner to argue that the IJ or [Board] erred as a matter of law or fact." *Id.* at 452.

The Board determined that Rodriguez's motions were untimely and found "no basis to equitably toll the filing requirements for motions to reopen." Generally, a party may file only one motion to reopen and that motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). Rodriguez does not argue on appeal that the Board erred in finding her motion untimely. Therefore, she has waived her right to appeal this issue. *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005). Furthermore, Rodriguez has failed to demonstrate any abuse of discretion by the Board in denying her motion as untimely given that the motion was filed over six years after the IJ's decision became final. *See Alizoti*, 477 F.3d at 451.

If a motion to reopen is time-barred, "the doctrine of equitable tolling may be applied to permit reopening when the alien demonstrates that she received ineffective assistance of counsel and was prejudiced thereby." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010). The IJ and Board did

not abuse their discretion by finding that Rodriguez was not prejudiced by counsel's actions because the evidence showed that she entered the country on December 10, 1990. *See Alizoti*, 477 F.3d at 451-52.

Furthermore, the Board found that, even assuming ineffective assistance of counsel, Rodriguez failed to show the due diligence necessary to invoke equitable tolling. Rodriguez does not challenge this finding on appeal. Therefore, the issue is waived. *See Dillery*, 398 F.3d at 569.

The petition for review is denied.