**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0216n.06

No. 12-3194

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
*Mar 01, 2013*
DEBORAH S. HUNT, Clerk

ESTHER DADA, )
)
    Petitioner, )
)
v. ) ON PETITION FOR REVIEW
) FROM THE UNITED STATES
ERIC H. HOLDER, JR., Attorney General, ) BOARD OF IMMIGRATION
) APPEALS
    Respondent. )
)

BEFORE:  GIBBONS, KETHLEDGE, and STRANCH, Circuit Judges.

PER CURIAM.  Esther Dada petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen her removal proceedings.  We deny the petition.

Dada, a native and citizen of Nigeria, entered the United States on April 23, 1988 as a non-immigrant visitor with authorization to remain for a temporary period.  On September 11, 1998, the Immigration and Naturalization Service (INS) initiated removal proceedings against Dada by serving her with a notice to appear, charging her with removability under Section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), as a non-immigrant who has remained in the United States for a time longer than permitted.  On April 23, 1999, Dada appeared before an immigration judge (IJ), admitted the factual allegations contained in the notice to appear, conceded removability as charged, and requested relief in the form of cancellation of removal.  Rather than filing an application for cancellation of removal, Dada's counsel filed an application for suspension

of deportation. The government subsequently moved to pretermit Dada's request for cancellation of removal as abandoned because no application had been filed.

On March 31, 2000, Dada married a United States citizen, who filed a petition for alien relative, Form I-130, on her behalf. When Dada next appeared before the immigration court, the IJ granted a continuance based on the pending Form I-130 and ordered her to file the correct application for relief before the merits hearing. On May 20, 2003, the INS subsequently denied the Form I-130, concluding that Dada's marriage was a sham.

At the merits hearing on November 18, 2003, the IJ noted that Dada had neither responded to the government's motion to pretermit nor filed the appropriate application for relief. The IJ denied counsel's request to file an application for cancellation of removal, stating that failing to file a response or application in the three-and-a-half years since the filing of the government's motion was "inexcusable." In an oral decision denying relief and ordering Dada's removal to Nigeria, the IJ found that her request for cancellation of removal was abandoned and that she was ineligible for voluntary departure.

Dada retained new counsel the following month, who filed a timely notice of appeal asserting ineffective assistance of counsel but failed to file a brief or motion to reopen. The BIA summarily affirmed the IJ's decision on December 15, 2004.

In the spring of 2011, Dada consulted with her current counsel, who requested her file from the immigration court. Dada learned then that her 2003 appeal had been dismissed, that her second attorney had not filed a brief or a motion to reopen, and that the attorney was not an active member of any state bar. On September 26, 2011, Dada's current counsel filed a motion to reopen based on ineffective assistance of counsel. The BIA denied the motion to reopen as untimely filed, declining

to equitably toll the limitations period because Dada (1) failed to establish prejudice by her counsel's performance and (2) failed to act with due diligence. Dada timely petitioned for review of the BIA's order.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Acquaah v. Holder*, 589 F.3d 332, 334 (6th Cir. 2009). We review the BIA's legal determinations de novo and its factual findings for substantial evidence, reversing only if "'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(B) and *Singh v. Gonzales*, 451 F.3d 400, 403 (6th Cir. 2006)).

A motion to reopen must be filed within ninety days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Where, as here, "an alien seeks to reopen a time-barred motion, the doctrine of equitable tolling may be applied to permit reopening when the alien demonstrates that she received ineffective assistance of counsel and was prejudiced thereby." *Mezo*, 615 F.3d at 620. "In past cases, we have declined to equitably toll the time period for filing motions to reopen for two reasons: (1) where the petitioner failed to establish prejudice from former counsel's untimely appeal; and (2) where the petitioner failed to exercise diligence in pursuing his rights." *Id*. (citations omitted).

Dada argues that the BIA erred in failing to address whether her counsel was ineffective, instead addressing only prejudice. In cases involving the right to effective assistance of counsel under the Sixth Amendment, a court need not address both the performance and prejudice components of the ineffectiveness inquiry if there is an insufficient showing on one. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Although ineffective assistance of counsel claims in the immigration context derive from the Fifth Amendment's guarantee of due process, not from the

Sixth Amendment, *Sako v. Gonzales*, 434 F.3d 857, 859 (6th Cir. 2006), the same principle applies. *See, e.g.*, *Allabani v. Gonzales*, 402 F.3d 668, 677–78 (6th Cir. 2005) (considering only whether petitioner was prejudiced by counsel's performance, not whether that performance was deficient, in affirming BIA's denial of petitioner's motion to reopen based on ineffective assistance of counsel).

To show prejudice, a petitioner "must establish that, but for the ineffective assistance of counsel, he would have been entitled to continue residing in the United States." *Sako*, 434 F.3d at 864. Dada contends that the BIA erred in applying this prejudice standard and that the proper standard requires merely a prima facie showing of eligibility for relief. Dada failed to establish eligibility for cancellation of removal under either standard.

To be eligible for cancellation of removal, an alien must have been "a person of good moral character" during the ten-year period immediately preceding the alien's application. 8 U.S.C. § 1229b(b)(1)(B). Dada ignores the evidence that she entered into a sham marriage, which precludes her from establishing good moral character. *See Ali v. Ashcroft*, 366 F.3d 407, 412 (6th Cir. 2004). An alien seeking cancellation of removal must also establish "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). As the BIA noted, Dada's motion to reopen did not identify a qualifying relative or address that relative's hardship. In the application for cancellation of removal attached to her motion to reopen, Dada indicated that her removal would result in exceptional and extremely unusual hardship to her United States citizen daughter, but she did not allege any facts or present any evidence in support of that claim. The BIA properly determined that Dada failed to demonstrate eligibility for cancellation of removal and therefore failed to establish prejudice.

The BIA also found that Dada failed to establish due diligence. We agree. "Due diligence requires an alien to prove that the delay in filing the motion to reopen was due to an exceptional circumstance beyond his control." *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 423 (6th Cir. 2007) (internal quotation marks omitted). According to her affidavit, Dada never heard from her second attorney after he filed a notice of appeal with the BIA in December 2003. Dada asserted that she went to his office, which had been vacated, and that she had no way to contact him. Dada's affidavit provided no explanation for why she waited more than seven years to consult with another attorney. In her answer to the government's response to her motion to reopen, Dada asserted that she "was fearful to do anything and did not know if she could do anything, and mainly did not know where to turn for help." Dada's failure to take any action to pursue her legal rights for more than seven years supports the BIA's determination that she was not diligent. *See Carroll v. Holder*, 310 F. App'x 763, 765–66 (6th Cir. 2009).

For the foregoing reasons, the BIA did not abuse its discretion in denying Dada's motion to reopen as untimely and declining to apply equitable tolling. Accordingly, we deny the petition for review.