**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANIA RAQUEL MOLINA, | No. 11-72104 |
| Petitioner, | Agency No. A089-853-646 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Tania Raquel Molina, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We deny

in part and dismiss in part the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

In her opening brief, Molina fails to address, and therefore has waived any challenge to, the BIA's reasons for denying her December 2010 motion to reopen to apply for adjustment of status. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives an issue by failing to raise it in the opening brief).

We lack jurisdiction to consider Molina's sole contention that she suffered ineffective assistance of counsel, where she did not raise this issue before the BIA in her December 2010 motion to reopen and therefore failed to exhaust her administrative remedies in this petition for review. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

We also lack jurisdiction to review the BIA's October 24, 2011, order denying Molina's motion to reconsider and reopen based on ineffective assistance of counsel because she failed to timely petition this court for review of that decision. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

In light of our disposition, we need not consider Molina's contention that the rationale of *Mezo v. Holder*, 615 F.3d 616 (6th Cir. 2010), applies to her case, because this concerns her ineffective assistance of counsel claim, which is not

properly before us.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**