**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0154n.06
**No. 19-3518**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 13, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| EDITH ESPINAL MORENO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE BOARD OF |
| WILLIAM P. BARR, Attorney General, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |

Before: BOGGS, CLAY, and GIBBONS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Edith Espinal Moreno seeks review of a Board of Immigration Appeals ("BIA") decision denying her motion to reconsider or reopen her removal proceedings. Moreno argues that reconsideration is warranted because her Notice to Appear ("NTA") did not specify the date or time of her hearing and therefore did not confer jurisdiction over her removal proceedings to the immigration courts. Because we have held that an NTA without a date and time for a hearing does not divest an immigration judge of jurisdiction, the BIA correctly denied the motion to reconsider. Moreno also argues that the BIA erred in denying her motion to reopen. The basis of that motion is her allegation that she received ineffective assistance of counsel by the attorney who first represented her, Brian Hoffman. But because Moreno's subsequent counsel allowed the deadline for filing a motion to reopen to lapse and delayed filing even after gathering additional evidence, the BIA correctly determined that the motion to reopen was untimely. Accordingly, we deny Moreno's petition.

I.

Moreno previously appeared before this court seeking review of the BIA's October 28, 2016 decision affirming the denial of asylum and other relief from deportation. *Moreno v. Sessions*, 694 F. App'x 391 (6th Cir. 2017). She argued that the immigration judge's adverse credibility determination was not supported by substantial evidence. *Id.* at 392, 396–97. The immigration judge based the adverse credibility finding on Moreno's omission of several critical details from her asylum application, including her prior sexual assault. *Id.* at 396–97. We held that those omissions supported the adverse credibility finding and denied her petition on July 21, 2017. *Id.* at 398.

Cynthia Bedrosian of Muchnicki & Bittner, LLP represented Moreno before this court, *id.* at 392, but she was not Moreno's original counsel. Moreno was represented by Brian Hoffman— also of Muchnicki & Bittner, LLP—in her proceedings before the immigration judge and BIA. In October 2016, while Moreno's appeal was pending before the BIA, Hoffman informed Moreno that he was leaving his firm and could no longer represent her. When the BIA denied Moreno's appeal, Hoffman recommended she speak with Bedrosian. Bedrosian began representing Moreno in October 2016. Under Bedrosian's representation, the ninety-day period for filing a motion to reopen with the BIA lapsed.

Sometime after we denied her petition, Moreno changed counsel again, parting with Bedrosian for her current counsel, Lizabeth Mateo Jimenez. In December 2017, Moreno voluntarily underwent a psychological evaluation, which revealed symptoms of post-traumatic stress disorder and major depressive disorder stemming in part from her prior sexual assault. Around that same time, Moreno's husband, daughter, and mother provided declarations stating that Moreno had previously told them about her sexual assault. In May 2018, Moreno filed a bar

complaint against Hoffman, alleging that his failure to include her prior sexual assault in her asylum application constituted a failure to represent her competently.

In July 2018, Moreno filed a motion asking the BIA to reconsider her removal proceedings in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *Pereira* held that, while a noncitizen's physical presence in the United States is typically deemed to end when she receives an NTA, an NTA that fails to specify the date and time of the noncitizen's removal hearing cannot trigger this "stop-time rule." *Id.* at 2113–14. Moreno argued that, under *Pereira*, an NTA without a date and time of the removal hearing also could not confer jurisdiction on immigration courts over a noncitizen's removal proceedings. The motion to reconsider was timely, she explained, because *Pereira* was decided just a month earlier.

In the alternative, Moreno asked the BIA to reopen her removal proceedings to consider new evidence, specifically her psychological evaluation and declarations from her family. Reopening was warranted, she argued, because Hoffman's ineffective assistance prevented her from developing this evidence during her initial proceedings.

The BIA denied both motions. The BIA explained that reconsideration was not warranted because *Pereira* only precludes operation of the stop-time rule, not the immigration courts' exercise of jurisdiction. The BIA denied Moreno's motion to reopen her proceedings as untimely. This appeal followed.

II.

Moreno argues that, because the NTA initiating her removal proceedings did not specify the date and time of her hearing, *Pereira v. Sessions* requires us to hold that the immigration court lacked jurisdiction over those proceedings. We have already rejected that argument. In *Hernandez-Perez v. Whitaker*, 911 F.3d 305 (6th Cir. 2018), we held that "jurisdiction vests with

the immigration court where, as here, the mandatory information about the time of the hearing is provided in a Notice of Hearing issued after the NTA," *id.* at 314–15 (citation omitted). *Hernandez-Perez*, and, later, *Santos-Santos v. Barr*, 917 F.3d 486 (6th Cir. 2019), explain how that holding is consistent with *Pereira*. *Santos-Santos*, 917 F.3d at 489–90; *Hernandez-Perez*, 911 F.3d at 313–14. Moreno argues that *Hernandez-Perez* was wrongly decided, but nevertheless we are bound by it. *See Salmi v. Sec. of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). *Pereira* did not prevent the immigration court from reviewing Moreno's basis for removal or claims for relief. The BIA correctly denied her motion to reconsider.

III.

Moreno also argues that the BIA erred in denying her motion to reopen her removal proceedings as untimely. A motion to reopen must be filed within ninety days of the "entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Equitable tolling, however, permits otherwise untimely reopening "when the [noncitizen] demonstrates that she received ineffective assistance of counsel and was prejudiced thereby." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010). *Mezo*, for example, held that the BIA abused its discretion by refusing to equitably toll a noncitizen's motion to reopen where the noncitizen's attorney failed to inform her that the BIA had entered a final order that triggered the running of the ninety-day period for filing a motion to reopen. *Id.* at 619, 622.

Unlike the noncitizen in *Mezo*, Moreno cannot demonstrate that Hoffman's alleged ineffective assistance caused her to file an untimely motion to reopen. The ninety-day period for filing began on October 28, 2016, when the BIA issued its decision. 8 U.S.C. § 1229a(c)(7)(C)(i). But Moreno reports that "[w]hile the BIA appeal was pending, . . . Hoffman had already informed me that he could no longer represent me." AR 137, Moreno Aff. Indeed, Moreno was represented

by Bedrosian in October 2016. Hoffman could not cause Moreno to miss a deadline that was set and passed while she was represented by a different attorney.

Moreno argues that Hoffman's ineffective assistance prevented her from gathering the new evidence—a psychological evaluation and declarations from her husband, daughter, and mother—upon which her motion to reopen relies. Even were we to accept that assertion, Moreno's motion would be untimely. The last of Moreno's new evidence, a declaration from her mother, was made on January 6, 2018. Moreno filed her motion to reopen on July 23, 2018, 198 days after she finished gathering new evidence. The period for filing a motion to reopen is ninety days. 8 U.S.C. § 1229a(c)(7)(C)(i). Moreno fails to explain why, even if we tolled the deadline to file a motion to reopen until she obtained her new evidence, we should grant her an additional 108 days to file the motion. *See Mezo*, 615 F.3d at 622 ("The clock would start again when Mezo discovered [her prior attorney's] fraudulence . . . .").

IV.

Because *Pereira* did not deprive immigration courts of jurisdiction over Moreno's removal proceedings and Moreno's motion to reopen was untimely, the BIA correctly denied her motion to reconsider or reopen her removal proceedings. We deny Moreno's petition for review of the BIA's decision.