NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0172n.06

Case Nos. 24-3467/3468/3469/3470/3472/3474

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 28, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| JOSE ARAUJO HERNANDEZ, et al., | ) |
| Petitioners, | ) |
| | ) |
| v. | ) ON PETITION FOR REVIEW |
| | ) FROM THE BOARD OF |
| | ) IMMIGRATION APPEALS |
| PAMELA BONDI, Attorney General, | ) |
| Respondent. | ) OPINION |
| | ) |
| | ) |

Before: SUTTON, Chief Judge; BATCHELDER and RITZ, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The petitioners seek review of the BIA's denials of their motions to reopen their removal proceedings. Because the motions were untimely and the petitioners provide no reason to excuse that untimeliness, we DENY the petitions.

The petitioners are Margarita Hernandez Sanchez and her five children, all of whom are natives and citizens of Mexico who entered the United States illegally in July 2014. They sought withholding of removal, asylum, and relief under the Convention Against Torture (CAT). In June 2016, an immigration judge (IJ) denied their petitions and ordered them removed to Mexico. In June 2017, the Board of Immigration Appeals (BIA) dismissed their appeal. Almost five years later, in April 2022, they moved to reopen the cases, seeking to reverse the removal orders because the initial Notices to Appear (NTAs) did not contain the required time and place information.

The BIA denied their motions, explaining that their jurisdictional argument was barred by precedent, *see Hernandez-Perez v. Whitaker*, 911 F.3d 305 (6th Cir. 2018); that their claim-processing-rule argument was waived or forfeited due to their delay in raising it; and that the entire motions were untimely, as they were filed long past 90 days after the BIA's June 2017 decision,

*see* 8 U.S.C. § 1229a(c)(7)(C)(i) and 8 C.F.R. § 1003.2(c)(2), and they could not justify equitable tolling because they had neither acted diligently nor faced any extraordinary circumstances.

On an appeal from the denial of a motion to reopen, we review the BIA's decision for an abuse of discretion. *Santos-Santos v. Barr*, 917 F.3d 486, 489 (6th Cir. 2019). "The B[IA] abuses its discretion only when its determination was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (quotation marks and citation omitted).

In this appeal, the petitioners concede that their jurisdictional argument is barred by Sixth Circuit precedent, but argue that they timely asserted their claim-processing-rule argument, i.e., that the order of removal was invalid because the initial NTAs did not contain the required time and place information. But the petitioners did not raise this argument to the IJ or the BIA in the original proceedings. They raised it for the first time in their motion to reopen. A petitioner "who did not challenge a noncompliant notice to appear before the Immigration Judge or the Board but rather raised [that] objection for the first time in a motion to reopen [has] waited too long and [has] forfeited that objection." *Matter of Fernandes*, 28 I. & N. Dec. 605, 610 (BIA 2022); *accord Palma-Campos v. Bondi*, No. 24-3490, 2025 WL 665849, at *1 (6th Cir. Feb. 20, 2025); *Reyes-Rodriguez v. Garland*, No. 23-3548, 2024 WL 1574673, at *4 (6th Cir. Apr. 11, 2024).

The petitioners contend that this forfeiture (or untimeliness) is excusable because the claim-processing-rule violation was not available to them until *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), changed the law (i.e., created this claim-processing-rule violation). This contention is based on a theory from the Seventh Circuit, which we have as of yet declined to adopt. *See Espinoza-Anguiano v. McHenry*, No. 24-3219, 2025 WL 405108, at *2 (6th Cir. Feb. 5, 2025); *Bains v. Garland*, No. 23-3208, 2024 WL 3950812, at *5 (6th Cir. Aug. 27, 2024).

But even if *Niz-Chavez* could excuse their forfeiture, their motions to reopen were still untimely. They had to file their motions to reopen within 90 days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i) and 8 C.F.R. § 1003.2(c)(2). That final order was in June 2017 and the petitioners moved to reopen in April 2022. The petitioners argue that *Niz-Chavez* constitutes an "extraordinary circumstance" that warrants equitable tolling. "[E]quitable tolling is the doctrine that the statute of limitations will not bar a claim if the [petitioner], despite diligent efforts, did not discover the injury until after the limitations period had expired." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010) (quotation marks, editorial marks, and citation omitted). "Due diligence requires [the petitioner] to prove that the delay in filing the motion to reopen was due to an exceptional circumstance beyond his control." *Id*. at 621 (quotation marks and citation omitted). Even assuming that *Niz-Chavez* was an exceptional circumstance arising in April 2021, the petitioners did not move to reopen for another 12 months. The BIA concluded from this delay that the petitioners had not exercised due diligence, and therefore, were not entitled to equitable tolling. This was not an abuse of discretion. *See Reyes-Rodriguez*, 2024 WL 1574673, at *2-3.

For the foregoing reasons, we DENY the petitions for review.