**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0628n.06

No. 11-3221

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 15, 2012*

LEONARD GREEN, Clerk

SU FANG LIN,                                                )
                                                                     )
      Petitioner,                                          )
                                                                     )
v.                                                                   )
                                                                     )
ERIC H. HOLDER, JR., Attorney General,         )
                                                                     )
      Respondent.                                        )

ON PETITION FOR REVIEW
FROM A FINAL ORDER OF THE
BOARD OF IMMIGRATION
APPEALS

Before: COLE and DONALD, Circuit Judges; SARGUS, District Judge.[*]

PER CURIAM. Su Fang Lin petitions for review of an order of the Board of Immigration Appeals (BIA) that denied her motion to reopen her removal proceedings.

Lin is a native and citizen of China. While in China, she was a resident of Junzhu Village in the Mawei District of Fuzhou City in the Fujian Province. She lawfully entered the United States on May 26, 2002, on a conditional basis as the spouse of a United States citizen. In 2005, Lin and her husband divorced, and the Department of Homeland Security subsequently initiated removal proceedings against her. In 2006, Lin married another United States citizen, with whom she had two children, born in January 2005 and October 2006, that are United States citizens.

In November 2007, Lin applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), alleging that she would be persecuted and tortured if removed to China because she violated its one-child policy. The immigration judge (IJ) concluded that Lin's asylum application was untimely because she did not file it within one year of entering the United

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

States or within a reasonable time after the birth of her second child. The IJ denied Lin's applications for withholding of removal and relief under the CAT, concluding that the evidence was insufficient to establish her eligibility for relief. On November 23, 2010, the BIA affirmed the IJ's decision.

On December 27, 2010, Lin filed a motion asking the BIA to reconsider its prior decision and to reopen her removal proceedings. In support of her request to reopen, she presented several pieces of new evidence, including: (1) a 2009 Family Planning Work Report from Tingjiang Town, which is in the Mawei District of Fuzhou City in Fujian Province; (2) a 2009 annual report by the Congressional-Executive Commission on China; and (3) a report from Dr. Flora Sapio, of the Centre of Advanced Studies on Contemporary China, that criticized the methodology and conclusions of the State Department's 2007 report concerning asylum claims and country conditions in China, which the BIA had relied on in denying relief. The BIA denied Lin's request for reconsideration as untimely. It denied her request to reopen her removal proceedings, concluding that the new evidence failed to demonstrate a reasonable likelihood that she could establish eligibility for withholding of removal or relief under the CAT.

On appeal, Lin argues that the BIA erred in denying her motion to reopen by failing to give meaningful consideration to the new evidence and by concluding that the evidence was insufficient to establish her eligibility for relief. We review the BIA's denial of a motion to reopen for an abuse of discretion. *Bi Feng Liu v. Holder*, 560 F.3d 485, 489 (6th Cir. 2009). An abuse of discretion occurs where the BIA denies a motion without a rational explanation, inexplicably departs from established policies, or rests its decision on an impermissible basis such as invidious discrimination against a particular race or group. *Id.* at 490. A motion to reopen shall not be granted unless it presents material evidence that could not have been discovered previously and the evidence is sufficient to make a prima facie showing of eligibility for the relief being sought. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1049-50 (6th Cir. 2007). The BIA's factual determinations are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010).

The BIA did not abuse its discretion in denying Lin's motion to reopen. Despite Lin's argument to the contrary, the BIA did not categorically reject the evidence she submitted with her motion to reopen. Rather, the BIA considered the evidence and explained that it was insufficient to meet the legal standard for reopening Lin's removal proceedings. Further, the BIA's conclusion to that effect was reasonable.

The 2009 work report from Tingjiang Town was insufficient to make a prima facie showing of eligibility for relief, *see Abdurakhmanov v. Holder*, 666 F.3d 978, 981 (6th Cir. 2012), because the report dealt only with the family planning policy in Tingjiang Town. It did not establish the policy in Lin's municipality of Junzhu Village or the applicable policy at the district, city, or provincial level. Additionally, the report did not discuss whether or to what extent the family planning policy applied to parents of children who were born abroad and brought into China. *See Fang Huang v. Mukasey*, 523 F.3d 640, 652-53 (6th Cir. 2008). The 2009 Congressional-Executive Commission report did not establish Lin's prima facie eligibility for relief because it failed to address whether individuals in her circumstances would be subjected to forced sterilization or otherwise persecuted. Likewise, while Dr. Sapio's report was critical of the 2007 State Department report concerning country conditions in China, it failed to set forth evidence demonstrating that individuals in Lin's circumstances had been persecuted in China or that there was a reasonable likelihood that Lin would be subjected to persecution.

Accordingly, we deny Lin's petition for review.