**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0248n.06

No. 12-3444

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 11, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TIANSHENG ZOU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE: BOGGS, GIBBONS, and COOK, Circuit Judges.

PER CURIAM. Tiansheng Zou petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. We deny the petition.

Zou, a native and citizen of China, entered the United States without inspection in 1995. Zou married his United States citizen wife in 2002; they have three children, all born in the United States. In 2007, Zou filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), asserting that, if he returned to China, he would be forced to undergo sterilization because of his violation of China's family-planning policy, which allows each couple to have no more than one child.

The Department of Homeland Security subsequently served Zou with a notice to appear, charging him with removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality

Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or

paroled. Zou appeared before an immigration judge (IJ), admitted the factual allegations contained

in the notice to appear, and conceded removability as charged. In addition to his asylum application,

Zou filed an application for cancellation of removal, asserting that his removal would result in

exceptional and extremely unusual hardship to his United States citizen wife and children. At the

merits hearing on August 19, 2010, Zou's wife testified that she and their children would not return

to China with Zou. Following the hearing, the IJ issued a written decision denying Zou's

applications for relief and ordering his removal to China.

Zou appealed only the IJ's denial of his application for cancellation of removal.[1] The BIA

dismissed the appeal, concluding that Zou failed to establish that his wife and children would face

exceptional and extremely unusual hardship. Zou filed a petition for review with this court, but

voluntarily dismissed the petition.

Zou filed a timely motion to reopen his removal proceedings for consideration of his

application for asylum, withholding of removal, and protection under the CAT. Zou, who now

asserted that his wife and three children would return to China with him, based his motion on "new

and previously unavailable" evidence regarding China's enhanced enforcement of the population-

control policy and an official policy change regarding the treatment of couples who return to China

with children born abroad. Zou submitted several hundred pages of documents in support of his

motion. In denying Zou's motion, the BIA pointed out that most of the submitted documents were

---

[1]The BIA noted that Zou did not "meaningfully dispute" the IJ's determination on his other
grounds for relief and thus deemed them waived. Zou did not challenge that determination.

neither new nor previously unavailable, several documents were incomplete, the documents from China were not authenticated pursuant to 8 C.F.R. § 1287.6, and the documents from towns and cities other than Zou's hometown were inapplicable. The BIA concluded that the evidence submitted by Zou failed to establish that he would suffer mistreatment amounting to persecution or torture in China based on the birth of his children in the United States.

This timely petition for review followed. We review the BIA's denial of a motion to reopen for abuse of discretion. *Acquaah v. Holder*, 589 F.3d 332, 334 (6th Cir. 2009). Because the BIA has broad discretion to grant or deny a motion to reopen, a party who seeks reopening "bears a heavy burden." *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (internal quotation marks omitted).

The BIA may not grant a motion to reopen unless the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). As the BIA correctly pointed out, most of the documents submitted by Zou in support of his motion to reopen were neither new nor previously unavailable; the vast majority of the documents pre-date the August 2010 hearing.

Zou argues that a psychologist's report and his wife's statement buttressing that report constituted new and previously unavailable evidence of his individualized fear of harm that the BIA rejected without a rational explanation. The BIA identified those documents and did not specifically reject them in denying Zou's motion. "While the BIA should demonstrate that it has considered the evidence that a petitioner presents, the BIA is not required to parse or refute on the record every individual argument or document offered by the petitioner." *Stserba v. Holder*, 646 F.3d 964, 978 (6th Cir. 2011) (internal quotation marks omitted).

According to Zou, the BIA abused its discretion in rejecting documents from China as not authentic. The BIA merely observed that those documents were not authenticated pursuant to 8 C.F.R. § 1287.6 and noted that Zou submitted evidence of his attorney's attempts to have some of them authenticated. There is no indication that the BIA excluded those documents from its consideration for lack of authentication.

Zou also contends that the BIA abused its discretion in rejecting documents from towns and cities other than his hometown, Ying Qian Town, Changle City. Given that implementation of the family-planning policy varies from one area of China to another, *see* Congressional-Executive Commission on China 2010 Annual Report at 6 (A.R. 149); *Shao v. Mukasey*, 546 F.3d 138, 170 (2d Cir. 2008), the BIA did not abuse its discretion in determining that Zou failed to establish that the documents and regulations from other towns and cities were applicable to him. Zou argues that the BIA ignored relevant evidence from his hometown, but there is no indication that the BIA disregarded such evidence. *See Stserba*, 646 F.3d at 978.

"[A] motion to reopen should not be granted unless the petitioner makes a prima facie showing that the statutory requirements for the underlying relief have been met." *Yousif v. INS*, 794 F.2d 236, 241 (6th Cir. 1986). Zou contends that the BIA applied the wrong standard, requiring a conclusive rather than prima facie showing. The BIA concluded that the evidence was "inadequate to demonstrate a realistic chance that [Zou] can establish his eligibility for relief from removal or protection under the Convention Against Torture based on the family planning policy in China." Other circuits have defined a prima facie case in the context of a motion to reopen as "a realistic chance that the petitioner can at a later time establish that asylum should be granted." *Jian Lian Guo*

*v. Ashcroft*, 386 F.3d 556, 564 (3d Cir. 2004); *see Smith v. Holder*, 627 F.3d 427, 437 (1st Cir. 2010); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005). The BIA did not apply a heightened standard.

The BIA did not abuse its discretion in concluding that Zou failed to demonstrate a realistic chance of establishing eligibility for the relief sought. Zou failed to submit any new and previously unavailable evidence addressing the specific issue of whether parents who return to China with children born abroad are required to undergo sterilization. The 2007 State Department Country Profile for China states:

> Some asylum seekers also claim the existence of an official Chinese government policy mandating sterilization of one partner if a couple has given birth to two children, at least one of whom was born abroad, if the child or children return to China. U.S. officials in China are not aware of the alleged official policy, at the national or provincial levels, mandating the sterilization of one partner of couples that have given birth to two children, at least one of whom was born abroad.

(A.R. 261). *See also Huang v. Mukasey*, 523 F.3d 640, 653 (6th Cir. 2008) ("The finding that children born outside of China are not counted for purposes of China's population-control policy continues to be accepted by the BIA, as well as by other courts of appeals."). We have acknowledged that State Department reports "are generally the best source of information on conditions in foreign nations." *Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004) (internal quotation marks omitted). In support of his motion to reopen, Zou submitted a report by Dr. Flora Sapio of the Centre of Advanced Studies on Contemporary China criticizing the 2007 Country Profile. As the BIA noted, Dr. Sapio conceded in her report: "There is no univocal consensus on whether forced abortions and sterilizations are still used to implement the family planning policy. Widely different opinions exist. All of them rest on the available evidence, which is neither

conclusive nor comprehensive." (A.R. 198). Dr. Sapio's report does not provide any evidence of the forcible sterilization of parents who return to China with children born abroad, merely discussing whether such children are counted against the number of children allowed under the family-planning policy. *See Lin v. Holder*, 485 F. App'x 68, 70 (6th Cir. 2012) (stating that Dr. Sapio's report "failed to set forth evidence demonstrating that individuals [who have children born abroad] had been persecuted in China or that there was a reasonable likelihood that Lin would be subjected to persecution"). Zou also failed to present any evidence that economic sanctions for violating the family-planning policy would amount to persecution in his case. *See Pan v. Holder*, 381 F. App'x 572, 576 (6th Cir. 2010).

Because the BIA did not abuse its discretion in denying Zou's motion to reopen, we deny the petition for review.