RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0170p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

GOVINDBHAI KANTILAL PATEL; VIDHYABEN PATEL;
RINABEN PATEL; NITINKUMAR GOVINDBHAI PATEL,

*Petitioners*,

*v.*

No. 15-3812

LORETTA E. LYNCH, Attorney General,

*Respondent*.

On Petition for Review of a Decision
of the Board of Immigration Appeals.
Nos. A072 169 666; A073 039 255;
A098 516 094; A098 516 095

Decided and Filed: June 30, 2016[*]

Before: CLAY, ROGERS, and McKEAGUE, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:** Michael E. Piston, Michele R. Redburn, PISTON & CARPENTER PC, Troy, Michigan, for Petitioners. Julia J. Tyler, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

### OPINION

_____

PER CURIAM. Govindbhai Kantilal Patel, his wife Vidhyaben Patel, and their children

Rinaben Patel and Nitinkumar Govindbhai Patel petition this court for review of an order of the

_____
[*]This decision was originally issued as an "unpublished" opinion filed on June 30, 2016. The court has now designated the opinion as one recommended for full-text publication.

1

Board of Immigration Appeals (BIA) dismissing their appeal from the denial of their applications for adjustment of status and denying Rinaben Patel's motion to sever and remand her removal proceedings.

Petitioner Govindbhai Patel has told the government two stories of how he came to this country: one, which he maintains here, is that he was smuggled across the border without being inspected, and the other, which he told the government in earlier immigration proceedings, is that he entered the United States with a fraudulent visa. After the Department of Homeland Security charged him with multiple grounds of removability, Govindbhai Patel conceded one of those grounds—that he was removable as an alien present without being admitted or paroled—and then applied to adjust status under INA § 245(i), a form of relief from removability available to him only if he entered without inspection. When the BIA denied his application and his family members' derivative applications for § 245(i) relief because he did not prove that he had, in fact, entered without inspection (as opposed to having entered via a fraudulent visa), he cried foul— how could the BIA simultaneously hold that he is removable because he entered without inspection and that he is ineligible to adjust status under § 245(i) because he did *not* enter without inspection? The answer lies in the applicable burdens of proof: Govindbhai Patel bears the burden to prove that he satisfies all the requirements for adjustment of status, and his decision to concede a charge of removability is not sufficient to meet his burden to affirmatively prove that he satisfies § 245(i)'s requirement of having entered the country without inspection. The BIA's denial of his and his family members' applications to adjust status—with the exception of his daughter's application, which the government agrees must be remanded—was therefore not in error.

The Patels are natives and citizens of India. In 1994, Govindbhai Patel submitted an application for asylum and an application for employment authorization, both of which stated that he arrived in the United States at John F. Kennedy International Airport as a visitor on December 25, 1993. Vidhyaben Patel also submitted an asylum application, asserting that she arrived in New York as a visitor in February 1994 and that her husband had been in the United States for two years. In their asylum applications, Govindbhai Patel and Vidhyaben Patel both denied traveling through any other country before entering the United States.

In 1999, Jogmaya Corporation obtained an alien employment certification from the Department of Labor for a bookkeeper position. Jogmaya Corporation subsequently filed an immigrant petition for alien worker on behalf of Govindbhai Patel, which was approved in 2004. Govindbhai Patel then submitted an application for adjustment of status, in which he stated that he arrived in the United States in New York as a B-2 visitor for pleasure on November 25, 1993, and that he was inspected by an immigration officer. Counsel's cover letter reiterated that Govindbhai Patel "entered the US on November 25, 1993 as a B-2 visitor." (AR 735). Vidhyaben Patel, Rinaben Patel, and Nitinkumar Patel filed derivative adjustment applications. All four Patels filed supplements to their applications seeking adjustment of status under Section 245(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255(i), in which they indicated that they entered the United States without inspection.

In an interview with an immigration officer in 2005, Govindbhai Patel stated under oath that he entered the United States in New York with a visa on November 23, 1993. In subsequent interviews, however, Govindbhai Patel stated under oath that he entered the United States on November 25, 1993, by crossing the border from Mexico to California in a truck with a smuggler and that his family members also used smugglers to enter the United States.

In 2008, the United States Citizenship and Immigration Services (USCIS) denied Govindbhai Patel's application for adjustment of status, as well as his family members' derivative applications. Govindbhai Patel's "continued conflicting responses" left the USCIS "trying to determine when or if [he] might be telling the truth ever." (AR 817).

In 2009, the Department of Homeland Security (DHS) initiated removal proceedings against the Patels by filing notices to appear, charging them with removability as aliens present in the United States without being admitted or paroled in violation of INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Appearing before an immigration judge (IJ), the Patels conceded removability as charged and sought relief in the form of adjustment of status pursuant to INA § 245(i). The DHS subsequently filed additional charges against Govindbhai Patel, asserting that he sought to procure an immigration benefit by fraud or by willfully misrepresenting a material fact in violation of INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), and that he was not in possession of a valid travel document at the time of application for admission in violation of INA

§ 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I).  Govindbhai Patel denied the new charges. At a hearing before the IJ, all four Patels testified that they were smuggled into the United States—Govindbhai Patel and Vidhyaben Patel from Mexico to California and Rinaben Patel and Nitinkumar Patel from Canada to Michigan.

After considering the testimony of the witnesses and the documents in the record, the IJ denied the Patels' applications for adjustment of status and ordered their removal to India.  The IJ found that Govindbhai Patel was not a credible witness based on the inconsistencies in his testimony and the documents, including his inconsistent representations about his manner and date of entry into the United States, and on his demeanor during his testimony, frequently failing to answer questions or delaying his responses.  The IJ determined that "the evidence in total demonstrates that [Govindbhai Patel] came to the United States with a fraudulent visa" and that "he then changed his theory that he came to the United States without inspection so that he could qualify for an adjustment under" INA § 245(i).  (AR 223).  The IJ found that Govindbhai Patel failed to satisfy his burden of establishing eligibility for adjustment of status, that the DHS had proved removability under INA § 212(a)(6)(A)(i) based on Govindbhai Patel's concession to entering without inspection and under INA § 212(a)(7)(A)(i)(I) based on Govindbhai Patel's entry with a fraudulent visa, and that the DHS had proved the factual allegation that Govindbhai Patel willfully misrepresented his manner of entry to the immigration officers who interviewed him.

The Patels appealed the IJ's decision to the BIA.  While the appeal was pending, Rinaben Patel filed a motion to sever and remand her case, asserting that she had married a lawful permanent resident who had filed a petition for alien relative on her behalf.  The BIA dismissed the appeal and denied Rinaben Patel's motion.  The BIA concluded that the IJ's adverse credibility determination was not clearly erroneous and that, given that determination, Govindbhai Patel had failed to meet his burden of demonstrating entry without inspection to be eligible for adjustment of status pursuant to INA § 245(i).

The Patels petitioned this court for review of the BIA's order.  The government filed an unopposed motion to the BIA for clarification of its decision, which we granted.  On remand, the BIA again dismissed the appeal and denied Rinaben Patel's motion.  The BIA determined that it

was unnecessary to address whether Govindbhai Patel was removable under INA § 212(a)(7)(A)(i)(I) because he was removable under INA § 212(a)(6)(A)(i) based on his concession to entering without inspection. The BIA reiterated that the IJ's adverse credibility determination was not clearly erroneous and concluded that Govindbhai Patel had failed to carry his burden to show his manner of entry into the United States and demonstrate his eligibility for adjustment of status pursuant to INA § 245(i).

This timely petition for review followed. "Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review questions of law de novo but give substantial deference to the BIA's interpretation of the INA and accompanying regulations, upholding that interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 435 (quoting *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007)). Factual findings are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)).

Govindbhai Patel applied for adjustment of status pursuant to INA § 245(i), which allows "an alien physically present in the United States" who "entered the United States without inspection" and who is the beneficiary of an application for a labor certification to apply for adjustment of status. 8 U.S.C. § 1255(i)(1); *see Cika v. Holder*, 344 F. App'x 208, 216 (6th Cir. 2009). The application for a labor certification must have been filed on or before April 30, 2001, and the alien must have been physically present in the United States on December 21, 2000. 8 U.S.C. § 1255(i)(1). The alien bears the burden of proving statutory eligibility for adjustment of status. 8 U.S.C. § 1229a(c)(4)(A)(i); *Lockhart v. Napolitano*, 573 F.3d 251, 254 (6th Cir. 2009). The BIA concluded that Govindbhai Patel had failed to satisfy his burden of proving his manner of entry into the United States. Given Govindbhai Patel's inconsistent representations about his manner of entry—initially claiming that he entered with a visitor visa and later claiming that he entered without inspection—the record does not compel a contrary conclusion.

Govindbhai Patel contends that the BIA's finding by clear and convincing evidence that he is removable under INA § 212(a)(6)(A)(i) establishes by a preponderance of the evidence that he entered without inspection to establish his eligibility for adjustment of status under INA § 245(i). The BIA stated that this result may appear "somewhat incongruous" but involved a proper application of the burdens of proof set forth in the INA and accompanying regulations.

In a removal case where an alien has been charged as being in the United States without being admitted or paroled, as in this case, the DHS must first establish alienage. 8 C.F.R. § 1240.8(c). The DHS satisfied this burden when Govindbhai Patel conceded that he was not a citizen or national of the United States and that he was a native and citizen of India. "Once alienage has been established, unless the respondent demonstrates by clear and convincing evidence that he or she is lawfully in the United States pursuant to a prior admission, the respondent must prove that he or she is clearly and beyond a doubt entitled to be admitted to the United States and is not inadmissible as charged." *Id*.; *see* 8 U.S.C. § 1229a(c)(2). Here, Govindbhai Patel did not attempt to satisfy this evidentiary burden and instead conceded the charge of removability.

With removability established, Govindbhai Patel then requested relief from removal in the form of adjustment of status pursuant to INA § 245(i). An applicant for relief from removal "has the burden of proof to establish that [the applicant] satisfies the applicable eligibility requirements . . . and merits a favorable exercise of discretion." 8 U.S.C. § 1229a(c)(4)(i); *see* 8 C.F.R. §§ 1240.8(d), 1240.11(e). Govindbhai Patel asserted that he was eligible for adjustment of status under INA § 245(i) as an alien who "entered the United States without inspection" and was the beneficiary of an application for a labor certification. Therefore, Govindbhai Patel had the burden of proof to establish that he entered the United States without inspection. The BIA determined that Govindbhai Patel's testimony, which lacked credibility, and the lack of other evidence failed to meet this burden. Giving deference to the BIA's interpretation of the INA and

accompanying regulations, we conclude that the BIA's decision involved a proper application of the different burdens of proof.[1]

The government agrees that remand is necessary with respect to Rinaben Patel's motion to sever and remand in light of the fact that the record shows that Govindbhai Patel's labor certification was filed before April 30, 2001, and was approved.  (A.R. 739).

For the foregoing reasons, we **DENY** the petition for review in part and **REMAND** for further consideration of Rinaben Patel's motion to sever and remand.

---

[1]Govindbhai Patel also argues for the first time in his reply brief that he is qualified to adjust status under INA § 245(i) as an applicant "who seeks adjustment of status to that of an immigrant under section 1153(b) and is not in a lawful nonimmigrant status." *See* 8 U.S.C. § 1255(i)(1)(A)(ii); *see also* 8 U.S.C. § 1255(c).  Beyond the fact that arguments presented for the first time in a reply brief are waived, *see, e.g.*, *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010), this argument is unavailing.  While it is true that an applicant "who seeks adjustment of status to that of an immigrant under section 1153(b) and is not in a lawful nonimmigrant status" may adjust status under INA § 245(i), *see* § 1255(i)(1)(A)(ii) and § 1255(c), such an alien must also be admissible in order to adjust status, *see* § 1255(i)(2)(A).  However, if Govindbhai Patel entered with a fraudulent visa, then the fraud would render him inadmissible, *see* 8 U.S.C. § 1182(a)(6)(C)(i).  Thus, in order to adjust status under INA § 245(i), he needed to prove that he entered without inspection and that he did not enter with a fraudulent visa.