**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0558n.06
No. 20-3153

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>MOUSSA SOW BOLO, aka Bolo Moussa Sow,</td><td>)<br>)<br>)</td><td rowspan="2"></td></tr>
<tr><td style="padding-left:2em">Petitioner,</td><td>)<br>)</td></tr>
</table>

MOUSSA SOW BOLO, aka Bolo Moussa
Sow,                                              )
                                                  )
                                                  )
        Petitioner,                               )     ON PETITION FOR REVIEW
                                                  )     FROM THE BOARD OF
v.                                                )     IMMIGRATION APPEALS
                                                  )
WILLIAM P. BARR, Attorney General,                )
                                                  )
        Respondent.                               )

FILED
Sep 29, 2020
DEBORAH S. HUNT, Clerk

BEFORE: BATCHELDER, GRIFFIN, and MURPHY, Circuit Judges.

PER CURIAM. Moussa Sow Bolo, also known as Bolo Moussa Sow, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen her removal proceedings. As set forth below, we **DENY** in part and **DISMISS** in part Sow's petition for review.

Sow, a native and citizen of Mauritania, entered the United States in 2000. Sow subsequently filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Immigration and Naturalization Service served Sow with a notice to appear in removal proceedings, initially charging her with removability as an alien who was not in possession of a valid entry or travel document at the time of entry. *See* 8 U.S.C. § 1227(a)(1)(A). The government later amended the charge to allege that Sow was an alien present in the United States without being admitted or paroled after inspection. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Appearing before an immigration judge (IJ), Sow conceded that she was

subject to removal but denied that she entered without inspection. Sow filed an updated application for asylum, withholding of removal, and CAT protection, asserting that the police arrested, beat, and threatened her on account of her support for a widows' group advocating for equal rights for the black population in Mauritania. After a hearing, the IJ denied Sow's applications for relief. The IJ sustained the amended charge, finding that Sow entered the United States without inspection. The IJ went on to find that Sow was not credible and that, even if believed, she had failed to satisfy her burdens of proof. The BIA affirmed the IJ's decision without opinion on March 21, 2003.

Sixteen years later, on September 16, 2019, Sow filed a motion with the BIA to reopen her removal proceedings. In support of her motion to reopen, Sow asserted that her attorney, Patrick Salley, provided ineffective assistance during her removal proceedings by failing to seek relief based on her past persecution as a victim of female genital mutilation (FGM) in Mauritania. Sow also sought reopening to apply for adjustment of status based on an approved relative-visa petition filed by her United States citizen husband. Recognizing that her motion to reopen was filed after the 90-day deadline, Sow argued that her attorney's ineffective assistance constituted an extraordinary circumstance warranting equitable tolling or, in the alternative, that the BIA should exercise its discretion to reopen her case sua sponte.

The BIA denied Sow's motion to reopen. The BIA determined that Sow was not entitled to equitable tolling of the 90-day deadline because she had failed to demonstrate that she acted with due diligence. And the BIA declined to reopen the proceedings sua sponte because Sow had failed to identify any exceptional circumstances to warrant that remedy.

This timely petition for review followed. Sow argues that the BIA should have granted her motion to reopen because her attorney's ineffective assistance prevented her from pursuing

meritorious claims for relief based on FGM and because she established her prima facie eligibility for adjustment of status.

"We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion." *Trujillo Diaz v. Sessions*, 880 F.3d 244, 248 (6th Cir. 2018). The BIA "abuses its discretion only when its determination was made 'without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Santos-Santos v. Barr*, 917 F.3d 486, 489 (6th Cir. 2019) (quoting *Camaj v. Holder*, 625 F.3d 988, 991 (6th Cir. 2010)). Because the BIA has broad discretion to grant or deny a motion to reopen, a party who seeks reopening "bears a 'heavy burden.'" *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)).

A motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see* 8 C.F.R. § 1003.2(c)(2). The 90-day deadline for filing a motion to reopen may be equitably tolled when an alien "received ineffective assistance of counsel and was prejudiced thereby." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010). An alien seeking equitable tolling must, "at a minimum," establish due diligence. *Id.* (quoting *Ajazi v. Gonzales*, 216 F. App'x 515, 519 (6th Cir. 2007)). "Due diligence requires an alien to prove that the delay in filing the motion to reopen was due to 'an exceptional circumstance beyond [her] control.'" *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 423 (6th Cir. 2007) (quoting *Scorteanu v. INS*, 339 F.3d 407, 414 (6th Cir. 2003)).

The BIA determined that Sow was not entitled to equitable tolling of the 90-day deadline because she failed to establish due diligence. The BIA pointed out that Sow admittedly learned of the final order of removal in 2006. According to the BIA, Sow had failed to explain adequately

how she exercised due diligence from the time that she discovered the claimed ineffective assistance to the time that she filed her motion to reopen on September 16, 2019.

In support of her petition for review, Sow asserts that she did not realize that her having been subjected to FGM in Mauritania could be a basis for her asylum claim until she spoke with the attorney who filed her motion to reopen. Sow did not make this argument in her motion to reopen. Sow instead asserted in that motion that she told Salley about being forced to undergo FGM in Mauritania and, when she saw a copy of her application, asked him why he did not include the facts relating to her FGM. These statements in her motion to reopen indicate that Sow was aware of her potential claim based on FGM and Salley's alleged ineffectiveness at the time of her removal proceedings.

Even if we assume that Sow did not discover her potential claim based on FGM until she spoke with the attorney who filed her motion to reopen, she has failed to establish that she exercised due diligence. Sow did not provide any timeframe for the discovery of her potential claim, such as when she first approached counsel about filing a motion to reopen. At some point, Sow filed a complaint with the Michigan Attorney Grievance Commission about Salley, but she did not attach a copy of the complaint to her motion to reopen or provide a date for the filing of the complaint. Sow did attach a copy of the commission's response dated April 24, 2018. Sow was therefore aware of Salley's alleged ineffectiveness before that date yet waited another seventeen months, until September 16, 2019, to file her motion to reopen. *See id.* (holding that a fifteen-month delay after discovering attorney's deficient performance "cannot be considered due diligence"). The BIA did not abuse its discretion in determining that Sow was not entitled to equitable tolling based on her failure to establish due diligence.

We lack jurisdiction to review Sow's challenge to the BIA's denial of her request to reopen her removal proceedings sua sponte. "[T]he BIA's exercise of its *sua sponte* authority 'is committed to its unfettered discretion and therefore is not subject to judicial review.'" *Rais v. Holder*, 768 F.3d 453, 463 (6th Cir. 2014) (quoting *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008)) (cleaned up).

The BIA declined to reopen the proceedings sua sponte in part because Sow had failed to demonstrate prima facie eligibility for adjustment of status under 8 U.S.C. § 1255(a), pointing out that the IJ sustained the charge of inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) because she had not been inspected and admitted or paroled into the United States. Sow argues that we have jurisdiction to review the BIA's decision because it was premised on the incorrect legal conclusion that she was not inspected and admitted or paroled. Contrary to Sow's argument, her manner of entry presents a factual issue and not a legal one. *See Patel v. Lynch*, 830 F.3d 353, 356 (6th Cir. 2016) (reviewing manner-of-entry finding for substantial evidence). And even if Sow presented a legal challenge to the BIA's denial of sua sponte reopening, we would still lack jurisdiction to consider it. *See Rais*, 768 F.3d at 464 (holding that, because "the BIA's exercise of its *sua sponte* authority is not subject to judicial review, the panel lacks jurisdiction over [the] petition even if it alleges constitutional claims or questions of law"). Sow's reliance on *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020), is misplaced because that case did not involve a request for sua sponte reopening.

For these reasons, we **DENY** in part and **DISMISS** in part Sow's petition for review.